## CROTHERS v. ROSS'S DISTRIBUTEES.

1. A writ of error will *not* lie to revise the action of an orphans' court, in refusing to set aside and vacate a decree, rendered at a previous term.
2. It is not permissible for a court to vacate a judgment or decree, rendered by it, at a previous term, unless authorized to do so by legislative enactment, or by a practice so often sanctioned, as to establish it.

Error to the Orphans' Court of Mobile. Before the Hon. John A. Cuthbert, Judge.

In this case, a petition was filed by plaintiff in error, who was the administrator of Jack F. Ross's estate, for a *supersedeas*, to stay proceedings on an execution, issued in favor of the distributees, on a decree, rendered upon final settlement. The *supersedeas* was awarded, and at the September term, 1847, of the orphans' court of Mobile, the plaintiff in error moved the court, to set aside and vacate, on the grounds set out in the petition, the decree rendered at the previous August term.

The court dismissed the petition and *supersedeas*, and this action of the court is now assigned as error.

K. B. SEWALL, for plaintiff in error.

1. The rule, that the court has no control over its judgments, after the adjournment of the term at which they were rendered, for any purpose whatever, applies alone to common law courts, and to terms thereof, which are prescribed by law, and of which all parties are bound to take notice. Our statutes are silent upon the subject: we are therefore governed by the Westminster statute, and the English practice; and there, in the common law courts, a new trial may be applied for at any time within the first four days of the next term after judgment rendered; and in some cases, applications will be granted after the four days have expired. Price v. Dugger, 40 Eng. Com. Law R. 554.

2. The county court, for orphans' business, has stated terms, which are the same as its terms for common law busi-

ness—twice a year; and also return days, or sittings in vacation, (Clay's Dig. 303, § 31, 34, 35; ib. 298, § 13, 23, 24; ib. 301, § 24,) at which the judge may dispose of such matters, "as he is competent to hear in vacation." They are not terms, but merely sittings in vacation, upon an appointed day, and that in the discretion of the judge, provided it be once each month. Executions are improperly made returnable to these return days, which shows they are not terms of court. Graham et al. v. Chandler, 12 Ala. 829. If the practice of the common law courts of England be applied to the orphans' court, its decrees rendered in vacation, or at a return day, which is the same thing, would be subject to modification at the instance of any party, at the next stated term.

3. The proceedings, and practice, in the orphans' court, are not according to the rules of the common law courts, but according to the course of practice in the ecclesiastical courts, or the civil law courts, except so far as they are prescribed, or modified, by statute. Watson and wife v. May, 8 Ala. 180, 181; 2 Chit. Gen. Prac. 481, et seq.

4. Crothers is a creditor, as well as the administrator, of the estate of Ross: he has been injured by the decree rendered, and has a right to complain to the court which rendered it, and ask redress, according to the course of proceedings and practice of such courts. The record shows he was absent when the decree was rendered, and the court cannot therefore deem him constructively present, from the fact that he is the administrator. As a creditor, he certainly has as much right to redress as any other creditor: his claim has been rejected by the court; and he comes and propounds his interest, and gives notice to those in adverse interest, and asks for the proper decree. If Crothers were simply a creditor, and not administrator, this would be the proper course. Watson and wife v. May, 8 Ala. 181. The court will not place him in a worse position than other creditors of such estate.

5. If the particular prayer of the petition was improper, the court would give the appropriate relief under the general prayer, if the facts of the application authorized it: and the facts were not contested, but proved to the satisfaction of the

court; but the relief was denied, not on the merits, but on the mere ground, that the application was too late.

W. G. Jones, contra.

COLLIER, C. J.—The plaintiff, by his petition, prayed the orphans' court to annul, or modify, its decree, rendered at a previous "return day," or "stated session," of that court, by which his accounts as administrator, were finally settled, and the estate of the intestate distributed, upon special allegations, that great injustice had been done by that settlement. Conceding that it was competent for the court to have entertained the petition after the decree was perfected, the court adjourned and execution issued, and it by no means follows, that its dismissal, even if it was established by proof, is revisable on error. "The granting, or refusing, a new trial, is a matter within the discretion of the court trying the cause; and however decided, cannot be revised on appeal or writ of error. Nor can the refusal to decide upon such a motion, be thus made the ground of objection to a judgment, in other respects regular; for as the appellate court cannot examine into its merits, and determine whether it should have been granted, it cannot undertake to say, that the party complaining has been prejudiced by refusing to decide upon his application for a new trial." In the latter case, "a *mandamus* is the appropriate remedy to compel the judge to make such a decision, as in his judgment is proper and legal." Bridges and Beers v. Miller, 3 Ala. Rep. 746.

But in this case, the petition came too late, and when the orphans' court could not grant its prayer. "It is not permissible for a court to avoid its judgment or decree, after the expiration of the term at which it was rendered, unless it be in conformity to some legislative provision, or a practice so often recognized as to establish it. We are aware of no statute which confers such a power upon the orphans' court, and as that court does not proceed according to the course of chancery, it cannot exercise a modifying, or annulling power over its *final* decrees, by any proceeding analogous to a bill of review." Slatter and wife v. Glover, adm'r, 14 Ala. Rep. 648. The practice in the courts sitting at Westminster, in

entertaining rules for new trials, furnish no analogy to guide us. These courts are influenced by the control they exercise over trials at *nisi prius*, and by rules peculiar to themselves. Consequently, the citation of the plaintiff's counsel, from 2 Man. & Grang. Rep. 641, is altogether inapplicable. The decision of the orphans' court, we have seen, cannot be revised, and the writ of error is therefore dismissed.