## WALDRON, ISLEY & CO. *vs.* SIMMONS ET AL.

28 629
f123 420

[BILL IN EQUITY BY CREDITOR OF INSOLVENT PARTNERSHIP AGAINST ADMINISTRATOR OF DECEASED PARTNER.]

1. *Jurisdiction of equity to enforce payment of partnership debt out of estate of deceased partner.*—A court of equity had original jurisdiction to enforce the payment of a partnership debt out of the estate of a deceased partner, and that jurisdiction is not taken away by any provision of the Code of Alabama.

2. *Original and concurrent jurisdiction of equity.*—The original jurisdiction of equity is not affected by legislative enactments, conferring jurisdiction on the courts of law, unless the statute contains prohibitory or restrictive words; but such enactments are held to confer concurrent remedies.

3 *Section* 2142 *of Code, in reference to suits against partners, construed.*—Section 2142 of the Code, which provides that one partner, or his legal representa-

tives, "may be sued for the obligation of all," provides a plain and adequate remedy at law to enforce the payment of a partnership debt out of the estate of a deceased partner, but does not take away the original jurisdiction of equity in such cases.

4. *Section* 602, *defining jurisdiction of chancery courts, construed.*—Under section 602 of the Code, which defines the powers and jurisdiction of the chancery courts in this State, the first subdivision, which includes " all civil causes in which a plain and adequate remedy is not provided in the other judicial tribunals," is but the adoption of the pre-existing rule; the second and third subdivisions, which include cases founded on a gaming consideration, and cases to subject the equitable title to real estate to the payment of debts, are modifications, by way of enlargement, of the system of equity jurisprudence and jurisdiction which had been established in England prior to the American revolution; and the fourth subdivision, which includes " such other cases as may be provided for by law," embraces all cases which, at and before the adoption of the Code, were known to be within the jurisdiction of courts of equity, and are not embraced in the first three subdivisions.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. WADE KEYES.

THIS bill was filed by the appellants, in October, 1854, to enforce the payment of a debt, due to them by the late firm of Simmons, Stewart & Co., out of the estate of Austin A. Stewart, a deceased partner, and alleged that the said firm and its surviving partners were insolvent. The chancellor dismissed the bill, for want of equity,—holding that the complainants had a plain and adequate remedy at law, under section 2142 of the Code, and had, therefore, under section 602, no right to come into equity; and his decree is now assigned as error.

NAT. HARRIS, for the appellant.

Independent of any statutory provisions, the only remedy of a partnership creditor, against the estate of a deceased partner, was in equity.—Collyer on Partnership, § 580, note 3. Before the adoption of the Code, he could not proceed against the separate estate of the deceased partner, at law, without making affidavit that the surviving partner was insolvent, unable to pay the amount of the debt, or resident beyond the jurisdiction of the court.—Clay's Digest, 324, § 67. Neither this, nor any similar provision, has been incorporated into the Code; and it follows, therefore, that an

action at law, in such case, cannot be sustained. Section 2142, which was supposed by the chancellor to authorize an action at law, was the law, in substance, before the adoption of the Code, and before the passage of the act of 1839, above cited; yet the act of 1818 (Clay's Digest, 323, § 61) was never held to authorize an action at law against the administrator of the deceased partner, and for that reason the act of 1839 was passed. The right to resort to equity, therefore, still continues, unless clearly taken away by some other provision of the Code. Section 602 is simply declaratory of the rule which existed before the adoption of the Code, and does not limit or restrict the jurisdiction of equity. A statutory grant of jurisdiction to the courts of law, over matters which were within the original jurisdiction of equity, has always been held to confer only concurrent remedies. If, therefore, section 2142 gives an action at law, still the remedy in equity is concurrent.

MARTIN, BALDWIN & SAYRE, *contra*, submitted the case without brief or argument.

RICE, C. J.—It is clear that, originally, a court of equity had jurisdiction in any such case as that made by the bill; and that a plain and adequate remedy, in every such case, was provided in the courts of law, by section 2142 of the Code. The simple question, therefore, is, whether the jurisdiction originally exercised in such a case by a court of equity, is annihilated by section 602 of the Code.

The words of that section are as follow : " The powers and jurisdiction of courts of chancery extend : 1. To all civil causes in which a plain and adequate remedy is not provided in the other judicial tribunals. 2. To all cases founded on a gambling consideration, so far as to sustain a bill of discovery and grant relief. 3. To subject the equitable title or claim to real estate to the payment of debts. 4. To such other cases as may be provided for by law."

It is incontrovertibly established by the authorities, that if a court of equity originally had jurisdiction in any class of cases, such jurisdiction is not overturned by subsequent legislative enactments, which confer on courts of law the

same remedial faculty which belonged to the court of equity, but do not contain prohibitory or restrictive words; and that where no such words are used, " the uniform interpretation is, that such legislative enactments confer concurrent, and not exclusive remedial authority."—1 Story's Eq. Jur. §§ 80, 64 *i.;* Harrison v. Rowan, 4 Wash. C. C. R. 205; Pratt v. Northam, 5 Mason's R. 105; Cox v. Strode, 2 Bibb, 273; Cooper's Pl. 142; Wright v. Hunter, 5 Vesey, 792; Shepherd v. Monroe, 2 No. Car. Law Rep. 624; Crawford v. Childress, 1 Ala. R. 486; Couch v. Terry, 12 Ala. R. 225; Dement v. Boggess, 13 Ala. Rep. 140; Pharis v. Leachman, 26 Ala. R. 662; Boyce v. Grundy, 3 Peters, 215; Woodman v. Freeman, 25 Maine R. 541.

Section 2142 of the Code merely provides a plain and adequate remedy at law in any such a case as that made by the bill. No negative, prohibitory, or restrictive words are used in it, nor in section 602. In the face of the declaration contained in section 602, that " the powers and jurisdiction of courts of chancery *extend* to" *four* specified classes of cases, indicated by the four subdivisions of that section, we cannot say that the legislature have by that section taken away their powers and jurisdiction, in all cases which do not fall within the *three* classes indicated by the first three subdivisions. We are bound to give some meaning and force to *the fourth* subdivision, as it clearly admits of it; and the meaning we ascribe to it is, that it affirms and declares the jurisdiction of courts of chancery in all cases which are not embraced in the first three subdivisions, but which, at and before the adoption of the Code, were known to be within the jurisdiction of such courts, and which are therefore described as " such *other* cases as may be provided for by law."

The words " *other* cases," as there used, mean cases *other* than the cases included in the first three subdivisions. The words " as may be provided for .by law," as there used, cannot, upon-any rule of construction known to us, be converted into the following words, " as may be provided for by *this Code,* or by any statute *hereafter passed ;*" but evidently refer to the law which was of force *when the Code was adopted, and which was not repealed by the Code.* To hold that the fourth subdivision means simply to declare that the powers and

Waldron, Isley & Co. v. Simmons et al.

jurisdiction of courts of chancery " extend to such other cases as may be provided for " by some section of the Code, or by some subsequent statute, is to deprive it of all meaning, and practically to expunge it; for it is clear that the powers and jurisdiction of courts of chancery would extend to all cases provided for by the various sections of the Code and by subsequent statutes, as effectually without the fourth subdivision of section 602, as with it.

At the adoption of the Code, that system of equity jurisprudence and jurisdiction which, prior to the American revolution, had been built upon wide and rational foundations in England, was part of our system for the administration of justice, except so far as it had been affected by our statutes of " a public nature designed to operate on all the people of the State." Every such statute which was " not embraced " in the Code, was expressly repealed by its 10th section. But no part of the Code repeals that system of equity jurisprudence and jurisdiction, which, it is conceded on all hands, formed part of our system when the Code was adopted. We think there was a *design* in thus repealing these statutes of a public nature which were not embraced in the Code, and in omitting to repeal the known system of equity jurisprudence and jurisdiction.

Our conclusion is, that the first subdivision of section 602 is but the adoption of an existing rule; that the second and third subdivisions are modifications, by way of enlargement, of the system of chancery jurisprudence and jurisdiction which had been established in England before the American revolution; and that the fourth subdivision was an adoption of that system, as modified by the second and third subdivisions, and by other sections of the Code. And we are entirely satisfied that, as to cases in which originally jurisdiction had vested legitimately in courts of chancery, the jurisdiction is not abolished by anything contained in section 602, although a plain and adequate remedy at law in such cases is provided by some other section of the Code,—no prohibitory or restrictive words being used. See authorities cited above.

It results from what we have said, that the chancellor erred in dismissing the bill. His decree is, therefore, reversed, and the cause is remanded.