## OFFUTT vs. VANCE, GUARDIAN.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Final settlement ; transfer of a note to a legatee on.*—On final settlement in probate court, the executor set apart the share of. two infant legatees of the estate, consisting of notes, bonds and stocks, in which were included two notes of T. W., given for the purchase-money of land sold by the testator ; the court thereupon entered a monied decree against the executor, in favor of the infants, and entered satisfaction thereof on the guardian of said infants, (who was a non-resident,) receiving

the amount of the decree in the aforesaid notes, bonds and stocks, which had been set apart to his wards, as their share of the estate,— *held*, the final settlement remaining in force, the wards were invested with the title to the notes of T. W. and could enforce their collection, and that the vendor's lien accompanied their transfer.

APPEAL from the Chancery Court of Montgomery. Heard before Hon. N. W. COCKE.

THE bill in this case was filed on the 26th July, 1866, by Samuel W. Vance, as the guardian of James B. G. Vance, and Sarah E. Vance, and sought to enforce the payment of two notes, and charge them upon a lot or parcel of land in the city of Montgomery. According to the allegations of the bill, on the 23d of June, 1857, one Peachy R. Gilmer, a citizen of said county and State, being seized and possessed of a certain lot in the city of Montgomery, bargained and sold it to Thomas Williams, and executed to Williams a bond conditioned to make titles, when the purchase-money for the same was paid. Williams agreed to pay the purchase-money in three installments of $666 67, each, on the 1st day of January, in the years 1858, '59 and '60, and executed his notes therefor. The last two notes were not paid, and at the filing of the bill were held by the complainant, and were delivered to him, as hereinafter stated. On the —— day of ——, 1860, said Peachy R. Gilmer died in said county, leaving a last will and testament, which was duly admitted to probate, and letters testamentary were issued to Francis M. Gilmer, jr., and J. J. Gilmer, the executors named therein; and on the —— day of May, 1862, said executors made a final settlement and distribution of said estate, in accordance with the provisions of the will. The said Williams went into the possession of said lot of land at the time of sale, and continued to hold the same, and having failed to pay the last two notes for the purchase-money, as aforesaid, the same were held, and owned by the said Peachy R. Gilmer at the time of his death, and passed into the hands of his executors, as assets. The said James B. G. and Sarah E. Vance, children of complainant, who were infants, were residuary legatees, under the will of said Peachy R., and complainant, having been appointed guard-

ian of the persons and estates of his said children, by a court of competent jurisdiction in the State of Louisiana, their share in said estate was paid over to him by order of the probate court of Montgomery, by said executors, on the said final settlement, complainant having first complied with the statutes in such case provided ; and as a part of the share of complainant's children, the said two notes of Thomas Williams were paid to complainant, as so much cash, and the said notes were delivered to the complainant as such guardian, and were held by him as such. The said Thomas Williams, at the time of the settlement of said estate, was insolvent, and the notes were of little or no value, except as a lien on said lot for the purchase-money of which they were given. On the 12th October, 1862, Williams sold his interest in said lot to R. H. Offutt, and assigned and transfered to him the bond for title which he had received from Peachy R. Gilmer, and in consideration thereof, and as a part of the trade, Offutt agreed to pay the last two notes of said Williams, and Williams surrendered possession of the lot to Offutt. On the 24th October, 1862, said Francis M. Gilmer, jr., and J. J. Gilmer, claiming to act as executors of the will of said Peachy R., executed and delivered to said Offutt, a conveyance of said lot, which conveyance is made an exhibit to the bill. As the bill alleges, "it is recited in said conveyance that the purchase-money had been paid, when in fact the same had not been paid ; that your orator alone was authorized and entitled to receive payment of the said last two notes given for said purchase-money, and the same had not been paid to your orator, or to any one authorized by him to receive payment of the same. The bill also alleged, "that Offutt knew that said notes had not been paid, when he purchased the lot from Williams, and that when he accepted the conveyance from said executors, and before making any payment to them, if any such was made as is therein recited, he well knew that said executors did not hold, or own said notes, and had no rightful authority or power to claim or receive payment of the same, and that the said notes were then owned by complainant as aforesaid." The said Thomas Williams, on the ——— day of ———, 1863, died, leav-

ing no estate which could be reached, and William G. Waller was appointed his administrator. The prayer of the bill was that said Francis M. Gilmer, jr., J. J. Gilmer, Richard H. Offutt, and William G. Waller, as administrator of Williams, be made parties defendant; that an account be taken of the amount due complainant, as such guardian, on account of said promissory notes; that the lot of land be held subject to the payment of the same, &c. Relief was also prayed against said executors, in case the complainant was mistaken in the relief above prayed for.

The defendants, Francis M. and J. J. Gilmer, in their answer, denied that the complainant was at the time of filing the bill, or ever was in this State, the duly appointed and qualified guardian of his children; and denied that said notes described in the bill, were distributed according to the laws of this State. The defendant, Offutt, in his answer, denied that said notes were unpaid, and alleged that he paid said notes to the executors of Peachy R. Gilmer, but admitted that he knew at the time of the payment, that they did not have possession of the notes. He also denied that any final settlement was made by said executors, as charged, and insisted that there was no valid order, and no order of the court, and no application for an order to distribute the choses in action of said Peachy R. Gilmer, deceased, and that they were not distributed by any order of the court, and that complainant had not complied with the provisions of the law of Alabama, in relation to the receipt of property of an infant, by a foreign guardian. There was introduced in evidence the records from the probate court of Montgomery, of the final settlement of the estate of said Peachy R. Gilmer, by his said executors, and the distribution thereof to the legatees, under his will. This final settlement was made on the 30th May, 1862. The order of the court, made on that day, after setting out the issuance of notice, &c., thus proceeds:

"It is further ordered, adjudged and decreed, that the said executors pay to the infants, James B. G. Vance and Sarah E. Vance, and that said infants, by their guardian *ad litem*, Peachy R. Grattan, recover from said executors the sum of $29,614; and it being proved to the court that S.

W. Vance, the guardian, in the State of Louisiana, of said infants, in which State both guardian and infants reside, has received from said executors the said sum of $29,614, and has given them as said guardian, his receipt for said sum of money, which receipt is produced, and proved in court; it is ordered that no execution issue on said judgment and decree in favor of said infants, and that satisfaction thereof be entered on the minutes of said court."

The following is the receipt above referred to :

"MONTGOMERY, ALABAMA.  Received as guardian of my children, James B. G. Vance, and Sallie Vance, grand children of P. R. Gilmer, deceased, the above mentioned notes, bonds, stocks, choses in action, &c., amounting in value to the amount of $29,614, from J. J. Gilmer and F. M. Gilmer, jr., executors of the last will and testament of P. R. Gilmer, deceased, in full of the distributive shares of my children above named, under the will of said P. R. Gilmer, to the notes, bonds, stocks, choses in action, rights and credits, &c., belonging to the estate of the said testator, upon the final settlement of the accounts of the said executors, with the said estate, and upon a division and distribution of the property of the said P. R. Gilmer, among the persons entitled under the provisions of the said will.

(Signed,)                          S. W. VANCE."

This receipt included the two notes of Thomas Williams, above referred to.  On the same day, on the application of said S. W. Vance to remove the property of his said wards to the State of Louisiana, the probate court made an order, granting the application, reciting in the order that the guardian had complied with the statutes in such cases made and provided.

At the December term, 1866, the chancellor rendered his decree, subjecting the land mentioned in the pleadings, to the satisfaction of the notes made by Williams, and held by the complainant, and ordering it to be sold for that purpose.  From the decree, the defendant Offutt, took an appeal to this court, and assigned, amongst other things, the decree as error.

Offutt v. Vance, Guardian.

RICE, SEMPLE & GOLDTHWAITE, for appellant.
WATTS & TROY, contra.

JUDGE, J.—On the 30th of May, 1862, Francis M. Gilmer, and James J. Gilmer, executors of the last will and testament of Peachy R. Gilmer, deceased, made a final settlement, in the probate court of Montgomery county, of their administration of the estate of their testator. On said settlement, the probate court decreed, amongst other things, that the said executors pay to James B. G. Vance, and Sarah E. Vance, the wards of appellee, the sum of twenty-nine thousand six hundred and fourteen dollars. The decree then proceeds as follows: "And it being proved to the court that S. W. Vance, the guardian in the State of Louisiana, of said infants, in which State both guardian and infants reside, has received from said executors the said sum of twenty-nine thousand six hundred and fourteen dollars, and has given them, as said guardian, his receipt for said sum of money, which receipt is produced and proved in court; it is ordered that no execution issue on said judgment and decree in favor of said infants, and that satisfaction thereof be entered on the minutes of the court."

It further appears by the record of the proceeding on the settlement, that the share of the wards in the estate, was set apart to them in "notes, bonds and stocks," among which were the two notes on Thomas Williams, described in the pleadings; that the receipt of the guardian, on which satisfaction of the decree was entered, is for the notes, bonds and stocks, which were thus set apart to his wards; and that they were received in full payment of the decree.

§§ 1799 and 1800, of the Code, are as follows: "Any judgments or claims in favor of the estate, which are not collected at the time of final distribution, may be divided amongst the persons entitled, on final distribution, or if such division cannot be equitably made, may be sold as other personal property. The executor or administrator must assign such judgment or claim to the distributee, legatee, or purchaser, as the case may be; and such person is entitled to collect the same by suit or otherwise."

We are not called upon to decide in the present case, whether the proceedings of the probate court were regular and without error, or otherwise, in entering a *monied* decree in favor of the wards, and in recording satisfaction thereof on the guardian receiving the amount of the decree in "notes, bonds, and stocks," which had been set apart to his wards as their share of the estate. If the action of the court in this regard was irregular or erroneous, it cannot be made the subject of revision and correction, in a collateral proceeding. The final settlement remaining in full force, the wards of appellee are invested with the title to the notes of Williams, and may enforce their collection. Whether they were literally "assigned" by the executors or not, does not appear from the record, and is not here a material question.

So, also, the validity of the order of the probate court, transferring the estate of the wards to Louisiana, cannot be collaterally inquired into. Under that order as it stands, the appellee was entitled to institute this suit, the vendor's lien having accompanied the transfer of the notes.

If the appellant paid the notes of Williams to the executors, after the final settlement, it was a payment in his own wrong ; but the allegation of the payment in his answer, is wholly unsustained by the proof.

The decree of the chancellor is affirmed, and the cause remanded, that the decree may be carried into execution. Appellant must pay the costs of this court.