## ALEXANDER, ADMINISTRATOR, *vs.* NELSON.

[PROBATE COURT—APPEALS—JURISDICTION.]

1. *Appeal; motion to dismiss; practice.*—Where a case is submitted, generally, and there is a joinder in error, a motion to dismiss the appeal, or, for a *certiorari,* made in the. brief of counsel, is considered as waived.

2. *Same; when discontinued.*—Under the decisions of the supreme court, and the provisions of the Code, the question as to when an appeal is to be considered discontinued, or wholly defunct, is, it seems, not clearly defined.

3. *A case; appeal taken, but not filed or prosecuted; jurisdiction of cour below; how long suspended.*—Where an order or decree of a probate court is made in October, 1865, dismissing the petition of A. to be appointed administratrix of a certain decedent's estate, which petition is contested by C.; and an appeal is taken from said order, by A., to the next ensuing term of the supreme court; that is to say, the January term, 1866, which remained in session until last of May, 1866; but no transcript of the record is filed by A., the appellant, nor any motion to affirm, on certificate, is made by C., the appellee, as late as the 5th of March following; and on that day, the same probate court, at the instance of C., goes on to appoint him administrator-in-chief of said estate, which he thereupon proceeds to administer as such; on this state of facts—*held,* that the action of the probate court in making this appointment, and in what followed, consequent thereupon, is not absolutely void, by reason of the appeal which had been taken, as aforesaid.

4. *Final decree, not void, can not be set aside, at subsequent term of same court.*—The decree against appellee, rendered in November, 1866, on his final settlement with appellant, as administrator-in-chief, was final,

valid, and not void; and, therefore, the same court, at a subsequent term, could not lawfully set the same aside.

5. *Where lower court has jurisdiction, its action will not be reviewed, unless all the evidence is set out.*—When the probate court, in December, 1866, revoked the letters of administration previously granted to Alexander, it had jurisdiction so to act, and, as the record does not purport to set out all the evidence on which this was done, this court will not undertake to review its action.

APPEAL from the Probate Court of Franklin county.

ON the 15th day of April, 1864, the will of Dr. Jacob V. Johnson was probated, in the probate court of Franklin county, Alabama. The executor, named in the will, failing to make application for letters testamentary, the widow of Dr. Johnson, Mrs. Sarah Johnson, filed her application, in said court, for letters of administration with the will annexed, on her husband's estate. Her said application was contested by W. R. Alexander, the appellant in this case. This application was continued, for various causes, from time to time, until October, 1865, when it was dismissed by the probate court. On the same day that her application was dismissed, Mrs. Johnson appealed from this order of dismissal, and gave security for the costs of the appeal according to law. No transcript of this appeal was filed in the supreme court, at its term next following the order of dismissal; that is to say, the January term, 1866, of this supreme court; nor was any offer or motion made by the appellee in that case, W. R. Alexander, to affirm said order of dismissal on certificate, at said January term, 1866. Said January term of said supreme court continued open until the last of May, 1866. Pending the contestation between Mrs. Johnson and W. R. Alexander, for letters of administration upon the estate of Dr. Johnson, deceased, the sheriff of the county, Lemuel Nelson, (the appellee,) was appointed special administrator of said estate, and went forward in the business of said administration.

Afterwards, but before the entire expiration of the January term of the supreme court, W. R. Alexander made application to be appointed the regular administrator, or administrator-in-chief, of said estate, and was accordingly appointed, by the probate court, at a special term held 5th

March, 1866. Subsequent to this, Nelson, the special administrator, made application to settle his accounts with the court and be discharged. At a special term, held November 6th, 1866, this application was duly brought to a final hearing. His account was stated, and allowed, and a balance was found against him of $3,719.99 in favor of Alexander, as administrator-in-chief, for which a decree was accordingly rendered. Subsequent to these proceedings, said Nelson filed his petition in the said probate court, alleging that the decree which had been rendered against him was null and void, and praying that the same might be wholly set aside and vacated. A summons was duly issued to Alexander to appear and contest the same. At a special term of said probate court, held December 3d, 1866, this last mentioned proceeding was brought to a final hearing, and thereupon, the said probate court entered a decree, which reads as follows :

"It is therefore ordered, adjudged, and decreed, by the court, that the letters of administration-in-chief, granted heretofore, by this court, to said Alexander, on the estate of Jacob V. Johnson, deceased, having been issued before the final disposition of the appeal, taken by Sarah Johnson, a former applicant to this court for administration of said decedent's estate, that the said letters of administration of said Alexander, on said estate, were improvidently granted, and without authority of law, and said letters of said Alexander are, therefore, now by this court revoked; and, it is further adjudged, and decreed, that the judgment, or decree, heretofore entered on the 6th day of November, 1866, in favor of the said Alexander, as administrator of Johnson's estate, against the said Lemuel Nelson, for the sum of $3,719.99, was entered by mistake, and when this court had not, in fact, decreed and adjudged the sum in said decree set forth, to be due from said Lemuel Nelson ; and the said Alexander, not being the administrator-in-chief of said decedent's estate, at the date of the rendition of said decree, this court now sets aside the said decree, so entered, in favor of said Alexander, as administrator aforesaid, against said Nelson, for said sum of $3,719.99, and the said decree or judgment is hereby declared and decreed

to be null and void, and shall be held for nought. It is further ordered and decreed by the court, that the petitioner in this case recover of said Alexander the cost above this suit expended, for which execution may issue," &c.

A bill of exceptions was taken by Alexander, in which the action of the probate court in the decree above set out, was formally excepted to in the court below. From the decree aforesaid, the said Alexander, as administrator, appealed, and assigns for error the rendition of said decree.

WM. COOPER, S. F. RICE, for appellant.
ELMORE KEYES & MORRISETT, *contra.*

BYRD, J.—1. By the joinder in error and the unqualified submission of the cause, the appellee waived the motions for a *certiorari,* and to dismiss the appeal, made in the brief of his counsel.

2. The main question in this case is, whether or not the order of the probate court granting letters of administration to appellant is void? If it is, then the court below did not err in setting aside the decree in his favor against appellee.

The probate court, on the 5th day of March, 1866, appointed appellant administrator, with the will annexed, of Dr. Johnson. On the 23d day of November, 1865, the court dismissed an application of the widow, who was principal legatee under the will, for letters of administration, and on the same day she appealed from the order of dismissal to the supreme court and gave security for the costs of appeal, which was approved by the judge of probate. These facts appear upon the record. It does not appear whether the appeal was prosecuted any further, but we must at least take judicial notice of the dockets and records of this court, and that they do not show that the case was ever docketed in this court, or that the decree of the court was ever affirmed on certificate; and we further take judicial notice of the fact, that the January term of the year 1866, of this court, extended beyond the 5th day of March, 1866.

Under this state of facts, and of the record, the question of the validity of the appointment of appellant as administrator of Dr. Johnson, is not free from difficulty.—*Matthews v. Douthitt*, 27 Ala. 273.

We propose to notice some of the cases decided by this court bearing on this question.

In the case of *Haden & Everett v. The United States*, 4 Por. 373, the court held that a writ of error not returned to the term to which it was sued out, became a nullity, or at least that in that case it had become so, and the case of *Blair et al. v. Miller et al.*, 4 Dal. 21, is referred to, which fully sustains the doctrine. In the case of the *United States v. Haden et al.*, 5 Por. 533, the court held that a judgment could not be affirmed on a certificate of an appeal taken to a previous term of the supreme court, when a new appeal had been taken which was then pending in this court. But it is clearly indicated that under the statute then in force, the affirmance would have been granted, if the second appeal had not been pending.

In the case of *Tardy v. Murray et al.*, 17 Ala. 585, the court reaffirm the cases in 4th and 5th Por., and say that " the party has until the close of the third day of the next term, to which it is made returnable, within which to file it ;" and again, " a party can not sue out a new writ until the first becomes a nullity by not being returned to the court to which it is returnable ; and as a new writ could not be sued out until after the expiration of the term to which the first writ was made returnable, the party against whom it was issued would always have the term to which it was returnable, within which to affirm on certificate."

It may be remarked that this last quotation from the opinion, was not necessary to the decision of the case then before it, though it was not irrelevant to the question under consideration.

In the case of *Perryman v. Camp*, 24 Ala. 438, the court held that " the law requires the transcript to be filed at the term to which the appeal was taken, and if this is not done, it is discontinued ;" and on motion to dismiss the appeal on the ground that the transcript was not filed until a

term subsequent to the one to which the appeal was taken, the court dismissed it, and refused to affirm the judgment.

In the case of *Carleton & Slade v. Goodwin, Executor,* decided at the June term, 1867, this court held, in effect, that a failure to file a transcript at the term to which the appeal is taken, is a discontinuance of the appeal, and that no affirmance of the judgment will be allowed at a term subsequent to the one to which the appeal was taken, upon a certificate given after the expiration of the term.

§ 3030 of the Code requires the transcript to be filed with the clerk of the supreme court on or before the third day of the term to which the appeal is taken. § 3031 authorizes this court to affirm the judgment, if the transcript is not filed within the first three days of the court, upon the production of the certificate of the proper officer that an appeal has been taken; and it further provides that "for good cause shown, the court may reinstate the cause during the term."

Under these decisions and provisions of the Code, the question at what time the appeal is to be considered as discontinued, is left undecided.

Suppose, in the case before us, the appellee in the appeal of Mrs. Johnson had, on the 4th day of the January term, 1866, upon the production of the certificate of the probate judge, procured an affirmance of the order dismissing her application for letters, and then upon application, had obtained letters from the probate court, to be issued to himself as administrator of Dr. Johnson, and after that Mrs. Johnson, at that term, had filed a transcript, and had the cause reinstated and heard, and the court should have reversed the order of the probate court, dismissing her application, what would have been the effect of such reversal on the order appointing an administrator, and upon his acts as such ?

§ 1694 of the Code provides that " no letters in chief must be granted until the appeal is finally disposed of." When is the appeal finally disposed of within the meaning of this section of the Code? The statute requires the clerk of the court to make out and forward certificates of affirmance or reversal of cases of each division within five

days after the expiration of the time set for the hearing thereof. If, then, the clerk, at the expiration of the time set for the fifth division, had forwarded in January, 1866, to the judge of probate a certificate of affirmance of his order dismissing the application of Mrs. Johnson, it would certainly have been legal for the judge to have made an appointment such as he made on the 5th March, 1866. But suppose after that, Mrs. Johnson should have had the affirmance set aside and filed a transcript, and reversed the order dismissing her application, could such a result render the appointment of appellant as administrator void? We think not. His acts would be valid and his appointment only voidable. To hold otherwise would not be in harmony with long settled principles, and would lead to consequences ruinous to the interests of creditors and distributees, or to the administrators.

In the case before us, we think it more consonant with reason, and in harmony with sound principles, to hold, that upon the failure of Mrs. Johnson to file a transcript within the first three days of the term of the court to which the appeal was taken, the probate court could proceed to appoint an administrator, whose appointment and acts would be defensible upon the principles applicable to the case above supposed. If, afterward, she had filed a transcript and reversed the order of dismissal of her application, then the same principles would be applicable as in the case supposed. The term of the court to which she took her appeal was kept open until the last Saturday in May, 1866. Did the statute contemplate the deprivation of the power of the court to appoint an administrator beyond the time to which, by law, the appellant, Mrs. Johnson, was required to file a transcript. We think not, unless it had been filed as required by law.

If an affirmance had been taken on her appeal, on the 4th day of the term, and certified to the judge of probate, it seems too clear to us for question, that the probate judge would not be compelled to wait until the termination of the session of the court to see whether Mrs. Johnson would file a transcript and reinstate the cause. Yet, if he had made no appointment, and had been notified by the

clerk that the affirmance had been set aside by the court, and the certificate recalled, he would not be authorized to make an appointment until the appeal was disposed of. We hold that the appointment of appellant was not void.

In the case of *Ikelheimer v. Chapman, Administrator*, 32 Ala. 680, this court decided that "the probate court, as to its jurisdiction to grant letters testamentary, and of administration, was a court of general jurisdiction," and that the constitution bestows a jurisdiction, as to those subjects, "which is original, unlimited and general."

In the case of *Curtis v. Williams*, 33 Ala. 573, the court say, "that the provisions of § 1696, specifying certain causes for which an administrator may be removed, do not apply to such a case or destroy the inherent right of the court to revoke letters improvidently granted."

In the case of *Gray's Administrator v. Cruise*, 36 Ala. 561, this court decided that an order appointing an administrator *de bonis* cannot be held void in a collateral proceeding, because it fails to show the appointment and removal, resignation, or death of the administrator-in-chief.—*Ragland v. King's Administrator*.

We submit that it would have been more correct for the court to have said that the order could not have been attacked in a collateral proceeding on either or all of those grounds. For, whenever an order or act is void in law, for any cause, it can be so shown in any proceeding, collateral or otherwise. And the true distinction between void and voidable acts, orders, and judgments, is, that the former can always be assailed in any proceeding, and the latter, only in a direct proceeding. Some confusion has arisen by the loose use of the term "void" in decisions, and occasionally in the text books.

In the case of *Jennings vs. Moses*, 38 Ala. 463, this court held that the grant of administration to a party "was voidable and revocable, because it was a general administration granted, as in case of intestacy, when the deceased died testate, leaving a nuncupative will." Sound policy, and the interests of society, require that the courts should never hold any transaction of individuals, or any

order, judgment or decree, of a court, null and void, where it can be declared voidable only.

The latter must be effected by a direct proceeding, and leaves the rights of all parties in a different condition from what they would be, if pronounced void. Besides, in a proceeding to avoid an act or judgment prejudicial to the rights of the actor, all parties in interest are before the court, and their rights protected ; or, if not before the court, will not be prejudiced. Many illustrations might be made to show the wisdom and sound policy of this doctrine, which will suggest themselves to the professional mind.

Upon the reasoning and principles announced in the authorities cited in this opinion, we hold :

1. That the grant of letters to appellant was not void.

2. That the court having revoked the letters as unadvisedly granted, and having jurisdiction to do so, we can not review this action of the court, upon the evidence, as the bill of exceptions does not purport to set it all out.— *Ward v. Cameron's Administrator*, 37 Ala. 692.

The decree on the settlement of appellee was final, and so far as the record shows, the appellant was then administrator-in-chief of Dr. Johnson, and his appointment was not void, and hence the decree against appellee is valid and not void. This court is committed to the doctrine that the court of probate has no jurisdiction, at a subsequent term, to set aside a final decree rendered at a former term, unless it is void, *ab initio*. And the following cases will show the opinion long since entertained by this court on this subject.—*Crothers v. Ross*, 15 Ala. 800; *Nolan v. Locke*, 16 Ala. 52.

The appellee insists, in argument, that as appellant was removed from the office of administrator, and his letters revoked by the court below, that he has no *status* in this court which authorizes him to attack, on appeal, the decree of the court setting aside the final decree against appellee. But the appellant has assigned error on this action of the court, and appellee has joined in error on this assignment without objection to the right of appellant to make such an assignment. Under this state of the record, and the

interest which appellant had in the decree when rendered, we hold that his *status* in this court is sufficient to authorize us, at his instance, to review the action of the court on this question.

The cause is reversed, for the reason that the probate court had no jurisdiction or authority to set aside the decree against appellant upon the grounds assigned by the court, except the one which asserts, in effect, that the decree is not "the decree of the court," and the records of the probate court, as copied into the bill of exceptions, clearly show, that this ground is not true in fact, and the authorities hold that the final decree of a court of record can not be assailed as to their verity, in a court of law.