# Gamble *v.* Jordan *et al.*

*Bill in Equity to vacate and annul Final settlement, &c.*

1. *Joint complaints; when can not recover.*—Where one of two joint com-
plainants is not entitled to recover, relief can not be granted to either.

2. *Probate court; decree on final settlement; how can not be assailed.*—When the
jurisdiction of the probate court has attached, its decree on final settlement
of an administration, can not be vacated or annulled by resort to equity, unless
the complainant show some special equitable ground of relief, whereby by
reason of accident, mistake or fraud, unmixed with fault on his part, he was
prevented from interposing the matters relied on before decree in the probate
court.

3. *Same.*—Where the jurisdiction of the probate court is shown to have
attached, and its decree is collaterally assailed, the same presumptions will be
made to support its decrees as are made in favor of superior courts of general
jurisdiction, and no mere errors or irregularities can be taken advantage of.

3. *Same.*—Whether where the jurisdiction of the probate court has attached,
it is necessary to uphold its decree on final settlement, when collaterally
assailed, that the record should show the appointment of a *guardian ad litem*
for minor heirs, is not decided, but no advantage can be taken otherwise than
on direct attack on appeal of a merely irregular or voidable appointment.

APPEAL from Chancery Court of Henry.
Heard before Hon. B. B. McCRAW.
This was a bill in equity filed by the appellees, Ann Jordan
and Mary Jordan, a minor, by said Ann as next friend,
against William Gamble, the appellant, on the 25th of June,
1872, seeking to vacate appellant's final settlement, made in
the probate court on the 14th day of March, 1865, of his
administration of the estate of William B. Jordan, deceased,
of whom appellees were the only heirs and distributees,
and to require him to settle the estate in the court of chan-
cery.
The bill alleged, among other things, that said final settle-
ment was void, because the record did not show that the
appellee, Mary, who was a minor, was represented by a
*guardian ad litem;* that publication of notice of the settle-
ment was made by posting notices, there being nothing to
VOL. LIV.

show that no newspaper was published in the county; that errors in the calculations and addition of the account had been made to the prejudice of complainants on the final settlement; that the administrator collected in Confederate currency debts due the estate, when there was no necessity therefor, which could have been collected in good money after the war, &c.; that two days before said final settlement said Gamble procured said Ann to take out letters of guardianship of the estate of the minor Mary, and she, relying on his advice about what was best to be done, received payment of the judgments rendered against said Gamble, on the final settlement, in favor of the said Mary and herself in Confederate currency, or a certificate of deposit of currency, to be funded in four per cent. bonds of the Confederate States, &c.

The record of the proceedings in the probate court is made an exhibit to the bill; from this it appears that Gamble was duly appointed administrator of Jordan's estate on the 13th day of January, 1863; that letters were duly granted to him upon giving approved bond; that an inventory and appraisement were duly made and returned to the court; that the administrator, under order of the court, sold the personal property, which was perishable, and made due report, &c.; that on the 16th day of February, 1865, Gamble filed his account and vouchers, under oath, for a final settlement, showing that the complainants were the only heirs and distributees; that thereupon the court set the 2d Monday in March for said settlement, and ordered that notice be given by posting notices at the court-house door and three other public places in the county for three successive weeks before that day, and ordered that George P. Kincey be appointed *guardian ad litem* for the minor heir, and that notice be served on him, &c.; that notice thereof and of the filing of the accounts and vouchers for final settlement and the day set for the same, together with notice of Kincey's appointment as *guardian ad litem*, was duly given him.

The minute entry of the final settlement, omitting the caption, &c., was as follows: "March 4th, 1865. On this day, it being the day set apart for a final settlement of the estate of William Jordan, deceased, came William Gamble, administrator of said estate, and asked the court to audit and allow his accounts and vouchers heretofore filed; and it appearing to the court that notice of said settlement has been given by posting notices at the court-house door for three successive weeks before this day, and George P. Kincey, who was heretofore appointed *guardian ad litem pendente lite*, for the minor heir of said deceased, having had due notice and no objection being filed: It is therefore ordered that

(28)

said account as stated be allowed, recorded and filed as such final settlement, by which it appears," &c. The decree then states the balance in the administrator's hands, and awards execution in favor of complainants against him for their respective shares, &c.

Gamble answered, averring his good faith in the administration, denying any accountability, and also demurred for want of equity. The cause was submitted on bill, answer, pleadings and proof, and the chancellor being of opinion that complainants were entitled to relief, made a decree transferring the settlement of the estate into the chancery court, vacating and annulling the final settlement, and ordered a reference to the register to state the accounts, &c.

The register, in accordance with directions in the decree of reference, charging the administrator with the value in good money of the personal property sold, and with the value of certain notes collected in Confederate currency, &c., found that he was indebted to complainants in the sum of $5,146.98. The chancellor overruled exceptions to the report, and confirmed and rendered a decree against the administrator for the amount thus found due.

The overruling of exceptions to the report and the decree rendered, are now assigned for error.

W. C. OATES and J. A. CORBETT, for appellant.

COWAN & OATES, contra.

BRICKELL, C. J.—The bill can not be sustained, unless each of the complainants has an interest and is entitled to relief. If the right of one has been determined at law, though the right of the other may not be concluded by the adjudication, relief can not be granted.—1 Brick. Dig. 750, §§ 1634–5. The complainant, Mrs. Ann J. Jordan, was fully *sui juris,* when the settlement of the administration was had in the court of probate. The jurisdiction of the court was complete and all its proceedings as to her were strictly regular, not affording matter for the assignment of error on appeal. The errors of calculation in the accounts, alleged in the bill and entering into the settlement, may have been the subject of correction by bill in chancery, under the statute, (R. C. § 2274,) if Mrs. Jordan had sought relief within two years after the settlement, and such errors in fact exist. Not having sought the correction within that period, the statute is a bar against her. Though not a bar against the infant complainant, she can have no recovery on this bill in which she is joined with her mother who is barred.

[Gamble v. Jordan et al.]

The appointment by the court of probate of a guardian *ad litem* to represent the infant complainant, on the final settlement of the administration in that court, may have been irregular. Its regularity is not now matter of consideration. The court had jurisdiction, and if it is necessary to the validity of a final settlement of an administration in a court of probate, when the settlement is collaterally assailed, that a *guardian ad litem* should appear from the record to have been appointed for minors interested, as to which we express no opinion, the settlement can not be avoided because of an irregular or voidable appointment. When on appeal the validity or regularity of the proceedings of the court of probate in the settlement of administrations is assailed, its records must discover every fact essential to the validity of its sentences. Intendments will not then be made to support them. When, however, the jurisdiction of the court has attached, and appears of record, and the sentence is assailed or impeached collaterally, the rule applicable to superior courts prevails, that all reasonable intendments and presumptions will be made to support them.—2 Brick. Dig. §§ 5, 6. The jurisdiction of the court of probate was called into exercise when the administrator filed his accounts and vouchers for a final settlement and a day was appointed for the settlement. Whatever of irregularity there may seem to be in the appointment of a guardian *ad litem* for the infant complainant, is mere matter of error, not of jurisdiction, and does not detract from the conclusiveness of the decree pronounced by the court. The decree not being impeached for fraud, and no accident or mistake intervening, preventing the appellees from presenting to the court all the matters on which they now insist as grounds for relief, and all of which were involved in it, the decree is a bar against both of them. *Waring v. Lewis*, 53 Ala. 615. The errors of calculation of which complaint is made, if they exist, the infant appellee has a right to correct, if on application, the appellant refuses correction as to her.

The decree must be reversed, and a decree here rendered dismissing the bill, without prejudice to the right of the appellee, Mary W., to correct any errors the statute entitles her to correct.