[Chambers v. McPhaul, adm'r, &c.]

# Chambers *v.* McPhaul, adm'r, &c.

*Petition by Widow for Allotment of Homestead.*

| 55 | 367 |
|-----|-----|
| 102 | 311 |
| 55 | 367 |
| 110 | 412 |

1. *Homestead exemption in favor of decedent's family.*—The homestead exemption secured to a decedent's family by the provisions of the constitution (Article X, §§ 2, 3, 5), and of the act of 1873 (Sess. Acts 1872-3, p. 64), is the actual homestead of the decedent at the time of his death ; and although that may be mortgaged, or held under a lease only, they can not select other property in its stead.

APPEAL from the Probate Court of Jefferson.

Heard before the Hon. JOHN C. MORROW.

In the matter of the petition of Mrs. S. A. Chambers, the widow of J. G. Chambers, deceased, for the allotment of a homestead for herself and her two infant children, in a certain town lot in Birmingham ; which was contested by the administrator and certain creditors of the deceased. The case was submitted to the decision of the probate judge, on the following agreed facts : "Said J. G. Chambers departed this life in July, 1873, leaving his widow, the petitioner, and two minor children under ten years of age ; and on the 20th day of February, 1875, his estate was declared insolvent by the Probate Court. At his death, said Chambers owned a third interest in a house and lot in Birmingham, which was under mortgage, and was sold under said mortgage before the estate was declared insolvent. The house and lot described and claimed in the petition has been used a part of the time as a boarding-house, but, at the death of the decedent, was rented out as a store-house and work-shop; and the lower story is now used as a work-shop, and the upper story as a family residence ; but J. G. Chambers never lived in said house, nor has his widow lived in it since his death, but, at the time of his death, he was living in the house since sold under the mortgage." On these facts, the probate judge held that the widow and children were not entitled to claim a homestead in the premises, and therefore dismissed the petition ; and his decree is now assigned as error.

W. S. EARNEST, for the appellant.

R. H. PEARSON, *contra.*

MANNING, J.—The only provisions of law that secure to

the family of a deceased person, or to his widow or children, a homestead right, are contained in sections 2, 3 and 5 of article X in the present constitution (the same as sections 2, 3 and 5 of article XIV of the constitution of 1868), or in the "act to regulate property exempted from sale for the payment of debts," approved April 23, 1873;" at least, these are the only enactments which are applicable to the case now before us.

Whatever doubts and ambiguity may be created by the language in section 2 of those articles, concerning the option a resident owner may have in the selection of his homestead property, do not pertain to the sections of either the constitution or the statute which authorize the retention of the homestead for the benefit of the widow or children. That must be the place which is the actual homestead—the property occupied as such—and not exceeding the quantity prescribed. The option is not allowed to them of taking other property in its stead.—See *Kaster v. McWilliams*, 41 Ala. 302.

If it be thought that the law is, therefore, unequal, and hard upon families that, like the one concerned in this case, live on mortgaged property, which may be taken away from them, or on property held by lease only, while there remains other property to which the title is perfect, and which would constitute a good home, the remedy must be sought of the legislature. The office of courts is to administer the law, not to make it.

In this case, the property in question not having been the homestead of the deceased, Mr. Chambers, or of his family, the Probate Court did not err in dismissing the petition of appellants to have it allowed to them as such; and its judgment is affirmed.