(89 South. 901)

## STATE ex rel. DAVIS v. CRANE CO.
### (6 Div. 904.)

(Court of Appeals of Alabama. May 31, 1921. Rehearing Denied June 20, 1921.)

**1. Corporations ⬅648—State may sue foreign corporation for unpaid franchise taxes.**

The state may sue a foreign corporation for franchise taxes due and unpaid under Acts 1911, p. 170, § 12.

**2. Corporations ⬅648 — Acceptance of franchise tax from foreign corporation and issuance of receipt under Acts 1911 not an adjudication that amount paid was amount due.**

Probate judge's acceptance of foreign corporation's affidavit as to amount of franchise tax due under Acts 1911, p. 170, § 12, and acceptance of such amount and issuance of receipt licensing the corporation to do business in the state, was not an adjudication as to amount due so as to preclude the state from recovering additional amount, since the judge's duty was merely to collect and receipt for the true amount and was therefore ministerial rather than judicial; the Legislature having made the assessment and fixed the valuation.

**3. Taxation ⬅446—State's exercise of final power of assessment and valuation is an adjudication as to amount due.**

Generally, if the state through its duly constituted officers has exercised the final power of assessment and valuation of property, the determination is in its nature judicial.

**4. Equity ⬅➡46—Chancery court's jurisdiction not extended by statute to cases where there is adequate remedy at law.**

Code 1907, § 3052, fixing and prescribing the jurisdiction of chancery courts, while continuing the chancery jurisdiction to all cases which at and before the adoption of the Code were known to be within the jurisdiction of courts of equity, does not extend the jurisdiction to cases where there is a plain and adequate remedy at law.

**5. Judgment ⬅➡570(9)—Dismissal of prior suit in equity court not res judicata where chancery had no jurisdiction in such suit.**

Commencement by state of suit in chancery against foreign corporation to recover franchise tax due under Acts 1911, p. 170, § 12, in addition to that which had been paid, and dismissal of such suit, did not preclude state from bringing subsequent action at law to recover the deficiency; the chancery having had no jurisdiction in the preceding suit, since the state had an adequate remedy at law.

**6. Corporations ⬅➡648 — Probate judge's acceptance of franchise tax from foreign corporation under Acts 1915 and issuance of receipt res judicata as to amount due.**

Acceptance by judge of probate of franchise tax in accordance with the statement as to capital made by the corporation and issuance of the license to the corporation under Acts 1915, p. 397, § 16, *held* res judicata as to amount of tax due by the corporation, the action of the judge being judicial in its nature in view of right given him to summon and examine witnesses, and to require production of and to examine the corporation's books, under subdivision 2, and in view of the right of appeal given from his finding under subdivision 3, even though the ministerial act of receiving the statement, counting the money, and giving the receipt was done by the clerk in his office, since, such work having been done presumably under his direction, the judgment was not void by reason thereof.

**7. Corporations ⬅➡648—Finding as to amount of tax due by foreign corporation not impeached by fact that judge relied entirely on affidavit filed.**

Probate judge's finding as to amount of franchise tax due from foreign corporation under Acts 1915, p. 397, § 16, cannot, in the absence of fraud, be impeached by reason of fact that in ascertaining the amount he relied entirely on the affidavit filed by the corporation under subd. 1.

**8. Corporations ⬅➡648 — Right to collect tax fixed by statute not affected by repeal of remedy, where there is remedy by statute or common-law suit.**

Where a liability to pay a franchise tax has been fixed by statute, the repeal of the remedy does not affect the right of the state to collect the tax, where it has remedy by statute or common-law suit, under Code 1907, § 2440.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by the State of Alabama, on the relation of Harwell G. Davis, its Attorney General, against the Crane Company, to recover for a deficient franchise tax. From a judgment sustaining demurrers to the complaint, the plaintiff took a nonsuit and appealed. Reversed and remanded.

Count 1 of the complaint claims the sum of $485 due by the defendant corporation as franchise taxes on the capital actually employed by the defendant in the state of Alabama during the years 1912 to 1914, both inclusive. Count 2 claims the sum of $99.37 for franchise taxes for the year 1915. Count 3 claims for the year 1916, count 4 for the year 1917, count 5 for the year 1918, and count 6 for the year 1919.

Harwell G. Davis, Atty. Gen., and Thomas J. Judge, Sp. Asst. Atty. Gen., for appellant.

Brief of counsel did not reach the Reporter.

R. C. Redus, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The complaint is in six counts claiming a deficiency in the payment of franchise taxes claimed to be due from defendant as a foreign corporation for the years 1912 to 1919, both inclusive. By reason of the different questions involved, the complaint, for purposes of consideration, divides itself into two parts; count 1 claiming for the years 1912–1914, and the remaining counts claiming for the years 1915–1919. Under act of the Legislature 1911 (Acts 1911, p. 170, § 12), a graduated franchise tax was assessed against all foreign corporations doing business in this state, dependent upon the actual amount of capital employed in the state. The application for license under this statute was made to the probate judge accompanied by affidavit of an agent of the corporation, setting forth the facts required by the statute as a basis for the amount of the tax required to be paid. Acts 1911, p. 170, § 12. Upon the filing of the certificate and the payment of the amount of tax due, the judge of probate issued a receipt or license to the corporation under the act. In the instant case, the defendant filed its certificate in the form required, paid the amount as shown by the certificate to be due, and received the receipt or license as provided. But the state claims that in the certificate and amount paid there was either fraud or mistake, in that there was actually more capital employed in the state during the years named than was set out in the certificate or paid for by the defendant. The complaint further shows that to recover the deficiency here claimed, for the years 1912–1914, this plaintiff, through a special solicitor, entered suit in the chancery court of Jefferson county, and that on April 26, 1915,

this suit was dismissed on account of complainant's default. The questions sought to be raised by the pleadings as to the first count 'of the complaint are: Was the acceptance of the affidavit and receipt of the money named therein by the probate judge and the issuance of the receipt or license by the probate judge as provided by statute a judicial act amounting to an adjudication of the matters and things involved between the state of Alabama and the defendant; if not, was the bringing of the suit in the chancery court of Jefferson county and its dismissal as alleged in the complaint such adjudication?

[1] We think there can be no doubt but that the state, in addition to other remedies, may maintain an action against defendant for the recovery of franchise taxes due and unpaid, and therefore can maintain this suit on count one of the complaint, unless it appears from the complaint that the recovery is barred by a judicial ascertainment and judgment in another proceeding involving the same matters.

[2] It is first insisted by the defendant that filing of the affidavit, payment of the amount named in the affidavit and its acceptance by the judge of probate, and the issuance of the receipt or license therefor, is such adjudication as will preclude the state from proceeding further. Assuming that this question is properly raised by the demurrers, it becomes necessary to determine whether under section 12 of act of 1911 (Gen. Acts 1911, p. 170) the judge of probate acts in a judicial or a ministerial capacity.

[3] It is the general rule, as laid down in 37 Cyc. p. 1071, and supported by authorities there cited, as well as by our Supreme Court in Anniston City L. Co. v. State, 185 Ala. 482, 64 South. 110, Tax Com. v. Bailey, 179 Ala. 620, 60 South. 913, and State v. Doster, etc., 196 Ala. 447, 71 South. 427, that—

"If the state through its duly constituted officers has exercised the final power of assessment and valuation of property, the determination is in its nature judicial."

But the above-cited decisions were based upon the authority of officers having authority to assess and value property. Under section 12 of the act under consideration, the Legislature made the assessment and fixed the valuation and left nothing to the officer but the duty to collect and receipt for the true amount. If upon proper application and tender of the true amount due, the probate judge should refuse to issue the receipt or license as provided for in the act, there can be no doubt but that the applicant would be entitled to a writ of mandamus to compel the probate judge to issue the receipt or license. The duty of the probate judge was not to assess the license, as in the case of a tax assessor; that had already

been fixed by the Legislature. His duty was to collect the true amount due and issue receipt therefor, and this duty could be compelled by mandamus. It would therefore appear that the act 'is ministerial rather than judicial. Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65.

In the first count of the complaint there appears this averment:

"Plaintiff avers that to recover the amount 'actually due as herein above alleged for said years 1912 to 1914, inclusive, that the state of Alabama, by Dan W. Troy, special solicitor for the state, employed under an act entitled 'An act to amend section 561 of the Code of Alabama,' approved April 11, 1911 (which act was declared unconstitutional by the Supreme Court of Alabama), filed its bill in chancery in the chancery court of Jefferson county, Ala., on, to wit, the 21st day of February, 1914, which bill was dismissed on the 26th day of April, 1915; the decree of dismissal being as follows: 'Decree of Dismissal. State of Alabama, Complainant, v. Crane Co., Respondent. No. 7769. In Chancery Court, Jefferson County, Alabama. This cause having been set down on the regular call of the docket to be heard on this day, and now being called to be heard in court, and complainant making default ―――― by reason thereof, it 'is ordered, adjudged and decreed that the bill of complaint be, and it is dismissed. It is further ordered, adjudged and decreed that the complainant pay the costs of this cause, to be taxed by the register, for which execution may issue. April 26, 1915. Alfred H. Benners, Chancellor.' "

This averment was surplusage and might have been stricken on motion, but no motion or demurrer taking this point was filed or considered; it being attempted by a demurrer to raise the point that the complaint showed the matters and things complained of to have been adjudicated in another court of competent jurisdiction and therefore a bar to this action.

[4, 5] Conceding that this might be done, if the proper allegations had been made, there is nothing in the complaint to show that the chancery court of Jefferson county had jurisdiction of the subject-matter of the suit. Section 3052 of the Code of 1907, fixing and prescribing the jurisdiction of chancery courts, while continuing the chancery jurisdiction to all cases which at and before the adoption of the Code were known to be within the jurisdiction of courts of equity, does not extend the jurisdiction to cases where there is a plain and adequate remedy at law. Waldron v. Simmons, 28 Ala. 629; Code 1907, § 3052. The duty of the probate judge to collect the franchise tax being ministerial, he could not bind the state by the collection of an amount less than that fixed by law. If by fraud or mistake practiced by either party a smaller amount was collected and the license issued, the state had a plain and adequate remedy at law to enforce the collection of the deficiency, and therefore the chancery court

was without jurisdiction of the subject-matter of the suit, and the judgment of dismissal means nothing, notwithstanding Rule 28 of Chancery Practice.

[6] We next come to consider section 16 of the Act of the Legislature approved September 14, 1915 (Acts 1915, pp. 386–398), which continues the levy of a franchise tax on foreign corporations and on which is based the remaining counts of the complaint, claiming for a deficiency in the tax paid in the years named. In these cases, as shown by the several counts, the defendant, each year, 1915, 1916, 1917, 1918, and 1919, made a written statement as required by section 16, subd. 1, of the revenue act, supra, which statement was accepted as true and receipts or licenses issued. It is now claimed that the amounts named in the statement were less than that fixed by statute, and in this suit it is sought to recover the deficit. By subdivision 2 of section 16, of the Revenue Act of 1915, it is provided:

"The judge of probate with whom any such statement is filed may summon before him any of the officers of the corporation, or any other witness, and swear and examine them, and inspect any of the books, papers, or documents of the corporation, and for that purpose may compel the production as courts of equity might do; and if he is satisfied from the evidence thus obtained that the amount of the capital of the corporation is less than stated, and in the case of a foreign corporation than the amount of capital actually employed, or to be employed, as the case may be, in this state is placed in the statement at a less amount than it should be, he shall demand payment of tax upon the amount of capital which he finds is actually employed or to be employed in this state."

Subdivision 3 of the same act provides for an appeal by either party from the finding of the probate judge, in the same manner as may be done when any court of county commissioners passes upon a contested assessment of property for taxation and the proceedings subsequent to the appeal shall be the same as in such cases. This statute, contrary to the 1911 statute, not only places upon the probate judge the duty of receiving the money and issuing the license, but places upon him the judicial duty of settling any differences then and there, and from this decision a remedy is given by appeal. Under this statute, it could hardly be contended that mandamus would lie to compel a decision as to the amount to be fixed. As to counts 2, 3, 4, 5, and 6, the action of the probate judge in issuing the license was judicial, and not having appealed as provided by statute, the state is bound by his acts. 37 Cyc. 1071; Anniston City Land Co. v. State, 185 Ala. 482, 64 South. 110; State v. Doster, 196 Ala. 447–450, 71 South. 427.

[7] Nor, in the absence of fraud, can the finding of the judge of probate be impeached by reason of the fact that in ascertaining the amount he relied entirely upon the affidavit.

[8] Where a liability to pay a franchise tax has been fixed by statute, the repeal of the remedy does not affect the right of the state to collect the tax where it has a remedy by statute or common-law suit. Code 1907. § 2440; Grey's Ex'r v. Mobile Trading Co., 55 Ala. 367, 28 Am. Rep. 729.

The rulings of the trial court were not in accord with the foregoing views, and for the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

## On Rehearing.

The opinion in this case is modified, so as to include count 2 with count 1 so far as the discussion is applicable and to group counts 3, 4, 5, and 6 together. In other words, counts 1 and 2 are governed by the Act of 1911, and counts 3, 4, 5, and 6, by the Act of 1915.

We are asked in brief to consider further that part of counts 3, 4, 5, and 6 which alleges:

"That the defendant, in making the returns for franchise taxes for said year, filed a written statement under oath to the probate judge showing the name of the corporation, the state wherein incorporated, and its principal place of business, setting out the amount claimed by the said defendant as the actual amount of capital employed in this state; and plaintiff avers that the judge of probate with whom such statement was filed did not summon before him any of the officers of said defendant corporation or any other witnesses, and swear and examine them, nor did he inspect any of the papers, books, or documents of the corporation, nor hold any inquiry whatsoever to ascertain what was the actual amount of capital employed by said defendant in this state during the said year, but that said affidavit was filed with the payment made to a clerk in the office of the probate judge of said county, and license or franchise tax receipt issued for said year by the probate judge of said county to said defendant."

We have, we think, correctly held in the opinion in this case that, as to the 1915 act, the act of the probate judge was judicial. If that is so, the issuance of the license or tax receipt is in effect his judgment, into which is merged all prior proceedings relating to the final judgment and behind which the plaintiff may not inquire in this proceeding. Morrison v. Morrison, 3 Stew. 444; Gamble v. Jordan, 54 Ala. 432; Alexander v. Nelson, 42 Ala. 462; Offutt v. Vance, 42 Ala. 243.

The allegations of the complaint show the jurisdictional facts necessary to give the probate judge jurisdiction of the matter, and his action thereon, the fact that the ministerial act of merely receiving the statement and receipt and counting the money was done by a clerk in the office of the probate judge,

presumably under his direction, would not be sufficient to render his judgment void.

The application for rehearing is overruled.