# Adams v. Wright.

*Petition by Guardian for Writ of Habeas Corpus and for the Possession of Ward.*

1. *Appeal; when decree rendered by chancellor in vacation void and will not support an appeal.*—Where a cause pending in the chancery court is submitted to the chancellor in vacation, and a decree is therein rendered by the chancellor in vacation, contrary to the provisions of the rules of chancery practice and the statutes in such cases made and provided, (Code, § 845; Rules of Chancery Practice, 79, 80, Code, p. 1219), such decree is unauthorized and void, and will not support an appeal.

APPEAL from the Chancery Court of Bullock.

Heard before the Hon. WILLIAM L. PARKS.

The appellant, D. J. Adams, as the guardian of the person and property of Charles Wright Adams, a minor, filed his petition in the chancery court of Bullock county, praying for a writ of *habeas corpus*, and that upon the return of said writ the custody and possession of said minor, Charles Wright Adams, be awarded to him as such guardian.

The cause was submitted for final hearing to the chancellor in vacation, and in vacation he rendered a decree in which he denied the relief prayed for, and ordered the petition dismissed. From this decree the present appeal is prosecuted.

NORMAN & BALDWIN, for appellant.

JINKS & BLUE, *contra*.

[Hanchey v. Hurley et al.]

SHARPE, J.—This appeal is certified as coming from the chancery court. -It appears that the cause was both submitted to the chancellor and decided by him between the time fixed by law for the adjournment of the September term, 1899, of the chancery court and the next legal term of that court. It does not appear that there was a written consent to the rendition of a decree in vacation. Unless a cause be submitted during the sitting of the court and held over by the chancellor as provided by chancery rule 79 and section 845 of the Code, or there be a consent in writing for a decree in vacation according to rule 80 of chancery practice, a final decree in vacation is unauthorized. The chancery court has no power to sit or act at a time not authorized by law and any decree attempted to be rendered out of term time except in pursuance of special provisions of the statutes or rules is void.—*Ex parte Branch*, 63 Ala. 383. A void decree can neither be affirmed nor reversed and does not support an appeal.

The appeal must be dismissed.