# Johnson v. Johnson.

## *Bill to Enjoin Execution of Writ of Possession.*

(Decided June 3, 1913. 62 South. 706.)

1. *Divorce; Bill of Review.*—Where the bill sought to set aside a divorce decree because after decree pro confesso taken against the husband, the bill was amended so as to add an additional and different ground, on which a final decree was rendered without a further decree pro confesso being taken, it was a bill of review for error apparent on the record, and was in the nature of a bill of review in so far as it sought to vacate the decree for collusion and fraud.

2. *Same; Judgment; Duress; Suit to Vacate.*—Where a plaintiff has expressly or impliedly authorized the prosecution of a bill for divorce to decree in her favor, and she seeks to have it set aside for duress in procuring such authorization, the duress must be shown by clear and unequivocal averment, and supported by as clear and convincing proof, together with reasonably diligent effort to avoid the results complained of.

3. *Same.*—Having sued for and been granted a divorce from her husband, a complainant filing a bill to set aside the decree after the death of the husband with the allegation that she permitted her husband and the attorney named to institute the divorce proceedings, "being in fear of her husband not knowing what to do"; that within a day or two she left the city where the bill was filed and had nothing to do with the case, her bill was insufficient to justify a vacation of the decree for alleged duress, fraud or collusion, it not

being shown by her bill that she ever made any inquiry as to the course of the suit, or exhibited any interest therein until after the death of her husband; nor was it charged that she continued under the fear of her husband, nor that any future duress on his part prevented her from withdrawing the proceedings.

4. *Same; Collusion; Effect.*—Though procured by collusion, and although it may be set aside on the grounds of public policy if the application is seasonably made in good faith, and not from any expected personal advantage, a divorce decree is not void; and an application to set it aside will not be entertained when made by the successful party who had knowledge of the proceedings, and who moves to vacate the decree for the purpose of obtaining part of the divorced husband's estate after his demise.

5. *Same; Decree Pro Confesso; Estoppel to Object.*—Where a complainant filed her bill for a divorce charging cruelty and after decree pro confesso the bill was amended by leave of the court so as to charge another and additional ground, and a final decree was rendered on such latter ground without decree pro confesso taken thereon, the complainant was estopped to claim that the decree was void for that reason as she had the benefit of it, even if the practice was irregular.

6. *Same; Invalidity; Vacation; Remedy.*—A court of chancery will not take jurisdiction of a bill to declare a divorce decree void, although it was invalid on its face, the remedy being by application to the court rendering the decree.

7. *Same; Decree; Collateral Attack.*—Where a divorce decree was rendered in vacation after a decree pro confesso had been taken, it will be presumed as against collateral attack that complainant's written request therefor had been duly filed as required by section 3164, Code 1907, though there was no recital of that fact in the decree.

8. *Judgment; Validity; Presumptions.*—Where a decree has been rendered by a court of general jurisdiction, in a cause in which its special statutory jurisdiction of the subject matter has been invoked by appropriate complaint and averments, and its jurisdiction of the parties has been acquired by the filing of the complaint, and the execution of the process issued therefrom, the record showing full jurisdiction, the subsequent action of the court is of the same dignity and supported by the same presumptions of regularity and legal propriety as if the cause was one within the court's regular and original jurisdiction.

9. *Same.*—On collateral attack every reasonable presumption will be made in favor of the validity of a decree which has been rendered after jurisdiction attached.

10. *Same.*—Any attempt to impeach or annul a judgment other than by a direct appeal or by a direct attack in the court that rendered the judgment, before the expiration of the term at which it was rendered, is a collateral attack.

11. *Equity; Decree; Enrollment.*—While a decree rendered in vacation, reduced to writing and signed by the judge, is not effective until filed with the Register for enrollment, yet enrollment is not essential to its validity, nor does the omission thereof destroy the decree.

[Johnson v. Johnson.]

12. *Ejectment; Writ of Possession; Injunction; Complaint.*—Where the right to enjoin the execution of a judgment against her in ejectment depended on complainant's ability to impeach a decree of divorce obtained by her against her husband, and to show that such defense was not availed of by her in the ejectment suit without fault on her part, an allegation that a plea of not guilty was filed by complainant in the ejectment suit, but by some mistake the plea was not entered in such cause, and without knowledge of complainant or her attorney, the cause was placed on the default docket and judgment taken three months after the suit was filed, and a month later a writ of possession issued thereon, was insufficient to show that her failure to avail herself of such defense in the ejectment suit was not due to the negligence of herself or her attorney.

13. *Pleading; Demurrer; Grounds.*—Where a complainant sought to restrain the enforcement of a writ of possession issued on a judgment in ejectment, and her right to relief depended on her ability to set aside a decree of divorce, an objection that complainant was represented by the same solicitor who acted for her in the divorce proceedings, and that he ought not to be allowed to act and stultify his former conduct by claiming that his practice in the divorce case had resulted in a void decree, should be availed of by appropriate motion in the trial court, and was not ground for demurrer to the bill.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Bill by Alabama Johnson against Daniel Johnson, to restrain a writ of possession issued on a judgment in ejectment against her, and to declare a divorce decree rendered at her instance void. From a judgment sustaining demurrers to the bill complainant appeals. Affirmed.

C. B. POWELL, for appellant. The decree was a muniment of title because if the decree was void the wife took the land as a homestead on the death of her husband, and if valid, Daniel Johnson, the father, was the heir. A collusive decree of divorce is void.—*Thompson v. State,* 28 Ala. 12; *Daniel v. Benedict,* 50 Fed. 347; 2 Bishop Marriage & Divorce, sec. 30. The decree was void under section 3164, Code 1907.—*Adams v. Wright,* 129 Ala. 305. The contention that complainant is guilty of laches is without merit, as Daniel Johnson has not been injured, nor has he been led to change his po-

sition in any respect.—*Haney v. Legg,* 129 Ala. 625;
*Montgomery, etc. v. Lahey,* 121 Ala. 136; *Owen v. Gerson,* 119 Ala. 217.

CHARLES A. CALHOUN, and CABINISS & BOWIE, for appellee. The attack is a collateral attack.—*Friedman
v. Shamblin,* 117 Ala. 454; 23 Cyc. 1063. In the case
of a judgment rendered by a domestic court of general
jurisdiction, which is attacked in a collaterial proceeding, there is a presumption that the court had jurisdiction both of the persons and the subject-matter, and proceeded in the due exercise of that jurisdiction.—*White
v. Simpson,* 124 Ala. 238; *Robinson v. Allison,* 97 Ala.
596; *Weaver v. Brown,* 87 Ala. 533. In a collateral
attack upon a judgment or decree, it will be presumed
that jurisdiction attached and the judgment is valid
where the record, although failing to show jurisdiction
affirmatively, yet does not distinctly show a want of
jurisdiction.—23 Cyc. 1085 and authorities cited in
note. A superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed
to have jurisdiction to give the judgment it renders,
until the contrary appears, and this presumption embraces jurisdiction not only of the cause or subject-matter of the action in which the judgment is given, but of
the parties also.—17 Enc. of Law, 1073; *Goodman v.
Winter,* 64 Ala. 431. Where special statutory powers
are to be exercised by the usual common law or chancery practice, the authorities seem to be agreed that the
proceedings and judgments will have all the characteristics of the proceedings and judgments in other cases,
including the presumption of jurisdiction.—17 Enc.
Law & Pr. 1079. The presumption in favor of superior
courts can be overcome only by recitals in the record
showing affirmatively that the court was without juris-

[Johnson v. Johnson.]

diction in respect to either the parties or the subject-matter.—17 Enc. of Law & Prac. 1080; *Lightsey v. Harris,* 20 Ala. 409.   Equity will refuse to relieve a party against a judgment which results from his own negligence or carelessness in failing to plead or defend the original action, or otherwise to watch over, protect and assert his rights in that proceeding, or where he has negligently omitted, having full knowledge of the facts, to apply in due season for such remedies as were open to him by appeal or writ or error, by motion for a new trial, or by proceedings to vacate the judgment.—23 Cyc. 980; *Foshee v. McCreary,* 123 Ala. 493; *Collier v. Parish,* 147 Ala. 526.   One who desires to invoke the assistance of equity as against a judgment at law, must act with reasonabde promptness, and relief will not be granted to a complainant who has delayed his application to equity, without adequate excuse, for such a considerable period of time as to be chargeable with laches. —23 Cyc. 1046; *Raisin Fertilizer Co. v. McKenna,* 114 Ala. 274.

SOMERVILLE, J.—Appellant filed her bill in the lower court for the purpose of enjoining the execution of a writ of possession issued against her in an ejectment suit in the Jefferson circuit court, wherein appellee recovered a judgment against her for land which was the homestead of her deceased husband in his lifetime, and further to annul a certain decree of said court divorcing her from her said husband, and to declare her the owner of said property.   The equity of the bill, in one or more essential aspects depends upon the alleged nullity of the decree of divorce or its nullification here for sufficient reason, and we address our discussion first to that essential proposition.   Its invalidity is predicated upon three grounds:   (1) It was procured by collu-

[Johnson v. Johnson.]

sion between the parties thereto, and this collusion was itself the result of the husband's coercive action and influence upon the wife, whereby, under duress, she became the party complainant in the proceeding. (2) After a decree pro confesso was taken against the husband, the original bill, which charged only cruelty, was amended by introducing a charge of adultery, and upon the amended bill no further decree pro confesso was taken before proceeding to the final decree, which was founded wholly upon the charge of adultery. (3) The record shows that the final decree was rendered in vacation, which was done without any written request by complainant or her solicitor, of record, filed with the clerk of the court requesting him to deliver the papers in said cause to the judge, as provided and required by section 3164 of the Code.

As to the charge of collusion and fraud in instituting the proceeding and procuring the decree, the bill is an original bill in the nature of a bill of review, which, in proper cases, may be maintained for the impeachment of such decrees.—*Ex parte Smith,* 34 Ala. 455; *McDonald v. Pearson,* 114 Ala. 630, 21 South. 534; Ch. Prac. rule 83. As to the second charge stated above the purpose of the bill seems to be that of a bill of review for error apparent on the record.—*McCall v. McCurdy,* 69 Ala. 65.

The allegations of paragraph 2 of the bill show that complainant "permitted" her husband and the attorney named to institute the proceeding for divorce, "being in fear of her husband, and not knowing what to do"; and further that within a day or two she went away from Birmingham and had nothing more to do with the case. It does not appear that she ever made any inquiry as to the course of the suit or ever exhibited any interest therein until after the death of her husband;

and it is not charged or shown that she continued under the fear of her husband nor that any future duress on his part prevented her from withdrawing the suit. Indeed, so far as it is made to appear, she willingly went away from her husband and was content for the divorce suit to progress as it might, without objection or interference on her part. And now, after acquiescence for nearly three years, her present activity is confessedly due solely to her design to acquire the property of her husband, which would belong to her as widow but not as divorcee.

Where it appears that the plaintiff in whose favor a judgment has been rendered has expressly or impliedly authorized the prosecution of the suit in his name, and it is sought in his behalf to set aside the judgment because of duress in the procurement of such authorization, such duress must be shown by clear, unequivocal averment and supported by clear and convincing proof; and there must be no lack of reasonable diligence to avoid the results complained of. The allegations of the bill in this particular are not sufficient against the demurrer.

A decree of divorce, though procured by the collusion of the parties, is not therefore void, and neither of the guilty parties is entitled as of right to have the decree set aside on that ground. "By the weight of authority a divorce obtained by collusion between the parties is binding on both and may be impeached by neither."— 14 Cyc. 717 (II). Thought, on the ground of public policy, it is said to be the better rule to set aside a collusive judgment, if the application be seasonably made in good faith and not from any expected personal advantage.—15 Cyc. 718, note 46, citing the authorities. But in general courts will not entertain such an application when made by the successful party who had

knowledge of the proceeding and who, after the death of the former spouse,. is thereby seeking some purely personal advantage.

We conclude, therefore, that the allegations of the bill with respect to duress, fraud, and collusion are insufficient, and, so far as that aspect of the bill is con cerned, the demurrers were properly sustained.

The second ground of impeachment is clearly without merit. The record shows that after decree pro confesso the amendment was filed upon leave granted by the court and with the written consent of the respondent husband, who was represented then by the same solicitor who here represents the complainant. If there was any irregularity in the practice pursued, it is certainly not available to the complainant who had the benefit of it.

In support of the third ground of impeachment, counsel for appellant cites the case of *Adams v. Wright,* 129 Ala. 305, 30 South. 574. In that case the guardian of a minor filed a petition in chancery praying for a writ of habeas corpus and for a decree awarding to him the custody of the minor's person. The cause was submitted to the chancellor in vacation, and a final decree was rendered in vacation denying the relief and dismissing the petition. On appeal to this court it was held that the decree was void upon its face and would not support an appeal. This ruling is founded on the principle that a judgment rendered at a time or place not authorized by law for the session of the court is the act merely of the judge and not of the court, and hence it is no judgment at all.—*Ex parte Branch,* 63 Ala. 383; Freeman on Judgments, § 121.

The decree now before us is one rendered by a superior court of general jurisdiction in a cause as to which its special statutory jurisdiction of the subject-matter was invoked by appropriate complaint and aver-

ment, and its jurisdiction of the parties was acquired by the filing of the complaint and the execution of the summons issued thereon. Full jurisdiction being shown by the record, the subsequent action of the court thereon is of the same dignity and subject to the same supporting presumptions of regularity and legal propriety as if the cause were one within its original and general jurisdiction. So the question here is not one of jurisdiction of the subject-matter, as in *Martin v. Martin*, 173 Ala. 106, 55 South. 632, but merely of the regular and timely exercise of an actually acquired jurisdiction. It is true that the time and place of its exercise is one of the elements of jurisdiction to render any judgment at all, and hence, in a sense, the time and place of rendition are said to be matters of jurisdiction (*Ex parte Branch*, 63 Ala. 383), but in a sense that is wholly foreign to the rule and reason of nonpresumption applied with respect to jurisdiction of the cause and authority to proceed to a judgment thereon.

The decree being rendered after jurisdiction had attached, every reasonable presumption will be made in favor of its validity on collateral attack. If such a decree could not be rendered at all except during term time, and the record showed it was rendered during vacation, it would of course be void upon its face and would be so declared even on collateral attack. But, with respect to all chancery decrees, the written agreement of the parties filed by them in vacation authorizes the submission of a cause and the rendition of a final decree in vacation.—Ch. Pr. rule 79. And when a decree pro confesso has been taken in a divorce case, and the cause is ready for submission, without defense interposed, the Code requires the rendition of a final decree in vacation upon complainant's written request to the

clerk or register to deliver the papers to the cause to the judge or chancellor.—Section 3164.

While it would be highly appropriate for such a consent or request to be recited in a decree rendered pursuant thereto in vacation, the absence of such a recital does not invalidate the decree. It is reasonable to presume that no judge or chancellor would render a final decree in vacation without authority of law, and also that in this case he has done so only in pursuance of a consent or request actually made in accordance with law.—2 Freeman on Judgments, § 565. When this presumption is not expressly contradicted by the record, it is not subject to contestation on collateral attack. As said by BRICKELL, C. J., in *Burnett v. Nesmith*, 62 Ala. 261, 265: "Whatever within the jurisdiction is done will be presumed rightful until the contrary is shown. Facts which must have been ascertained by the court to exist, and upon the existence of which the regularity of its action depends, will be conclusively presumed to have been ascertained unless the record affirmatively discloses the contrary." In accord with this doctrine are the cases of *Coltart v. Allen*, 40 Ala. 155, 88 Am. Dec. 757; *State v. M. & G. R. R. Co.*, 108 Ala. 29, 31, 18 South. 801; *Pettus v. McClannahan*, 52 Ala. 55; *Burke v. Mulch*, 66 Ala. 568; and many others.

In this state it is settled that any attempt to impeach and annul a judgment other than by a direct appeal, or by a direct proceeding in the court that rendered the judgment, before the expiration of the term at which it was rendered, is a collateral attack.—*Friedman v. Shamblin*, 117 Ala. 454, 466, 23 South. 821. This, of course, does not deny the well-settled jurisdiction of equity to review judgments founded on fraud, accident, or mistake and to review final judgments and decrees in a few cases as prescribed by statutes. But, in the as-

pect under present consideration, the bill does not escape the ban of the general rule stated, and its attack on the decree must be regarded as collateral and therefore unavailing.

The case of *Adams v. Wright,* 129 Ala. 305, 30 South. 574, is opposed to the principles above quoted in so far as it holds that the judgment there appealed from is void upon its face, and to that extent it will be overruled.

The averment that the decree in question was never enrolled does not show that it is not a valid decree. For while enrollment by incorporation into the minutes of the court furnishes the only memorial by which an operative decree can be properly proved, nevertheless enrollment does not make the decree nor does its omission destroy it. It is of course true that when a decree is rendered in vacation it is not enough that it is reduced to writing and signed by the judge. It must also be filed by him with the register for enrollment as a decree. When this is done it is, at least potentially, the decree of the court.—*Harper v. Raisin Fertilizer Co.,* 158 Ala. 329, 48 South. 589, 132 Am. St. Rep. 32; *Hudson v. Hudson,* 20 Ala. 364, 56 Am. Dec. 200; *Pittsburg Steel Co. v. Streety,* 60 Fla. 183, 53 South. 505.

It is to be noted also that, even were this decree void on its face, a court of chancery would not for this reason take jurisdiction of a bill to so declare it. Application should be made to the court that rendered the decree.—*Morgan v. Lehman & Co.,* 92 Ala. 440, 9 South. 314; *Martin v. Atkinson,* 108 Ala. 320, 18 South. 888.

In one of its aspects, the bill seeks to permanently enjoin the execution of a judgment in ejectment for the possession of the property recovered against her by respondent. The right to that relief will depend upon a showing that the decree of divorce was obtained by a

fraud upon complainant, without negligence or fault on her part, thus establishing an equitable defense, existing but not available at the time the default judgment was taken, or else upon a showing that the decree was void on its face, and that this defense to its operation in favor of the plaintiff in ejectment was lost to complainant in that suit by fraud, accident, or mistake, without negligence or fault on her part.—*Norwood v. L. & N. R. R. Co.*, 149 Ala. 151, 42 South. 683, and authorities cited. We have already discussed the insufficiency of the averments to show the first alternative.

The only averments to support the second alternative, even were the decree shown to be void on its face (which we have seen is not shown), are that a plea of not guilty was filed by complainant in the ejectment suit, "but *by some mistake* the said plea was not entered in said cause," and without her or her attorney's knowledge the case was placed on the default docket and judgment taken three months after the suit was filed; and one month later a writ of possession was issued thereon. It does not appear who was at fault in the matter, or in what way, and the reasonable inference from these averments is that complainant, or her attorney, was utterly neglectful of the defense of the case and indifferent to the result complained of. In short, no equity is apparent in this phase of the bill.

One ground of demurrer to the bill is that the solicitor now appearing as counsel for complainant appears to have acted as solicitor for the respondent in the divorce suit and ought not to be allowed in this proceeding to act as solicitor for complainant and thereby stultify his former conduct. Whatever of merit there may be in this contention, it is not a good ground of demur-

rer to the bill but must be availed of by an appropriate motion in the trial court.

The demurrer, as a whole, was properly sustained, and the decree will be affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur. ANDERSON MCCLELLAN, and DE GRAFFENRIED, JJ., concur in the affirmance. They hold, however, that the decree of divorce cannot be supported by presumptions; that the averments of the bill show it to be void on its face; and that even on collateral attack it must affirmatively appear that the decree was rendered by written consent of the parties under chancery rule 79, or upon complainant's written request under section 3164. On this proposition they dissent from the majority decision and adhere to the principle declared in *Adams v. Wright,* 129 Ala. 305, 30 South. 574.