# Bower, Tax Collector v. American Lumber & Export Company.

### Bill to Recover Money Paid Voluntarily.

#### (Decided February 3, 1916.   71 South. 100.)

1. **Taxation; Equity Jurisdiction; Tax Payer.**—Equity will afford no relief to or for a taxpayer or one assessed as a taxpayer in the absence of some special matter of equitable cognizance; mere illegality, hardship or irregularity being insufficient to justify equitable jurisdiction.

2. **Same; Assessment; Collection.**—Where a tax charge on a subject of taxation has been once properly paid, it cannot be rightfully again assessed or collected.

3. **Same; Corporation; Assessment; Omitted Property.**—Under subdivision 9. § 2082, Code 1907, the failure of a corporation to make a statement of its solvent credits for taxation does not render a corporation liable to subsequent assessments on said credits as if they were omitted property, such credits being included in the taxable value of the capital stock, for although the practice of omitting such credits is improper, the state has collected taxes thereon.

4. **Same; Assessment; Voluntary Return.**—Where a corporation omits a statement of its solvent credits, such credits being assessed to its capital stock, but thereafter furnished the assessor with a statement of such credit on his demand, the return did not, though voluntarily made, warrant taxation on such credits as the taxes thereon had already been paid.

5. **Same; Payment; Recovery of Back Taxes.**—Where a corporation had omitted a statement of its solvent credits, but furnished a report of its credits at the request of the tax collector, and paid them to avoid the collector levying execution on its property, although the taxes were not due, it was entitled to recover such payment.

6. **Same; Payment; Equity Jurisdiction.**—Where a corporation paid taxes illegally assessed, to avoid the levy of execution against its property, it was not entitled to equitable aid in recovering the money so paid, for it must be presumed to have known its rights and could have withheld payment or invoked the remedy provided by §§ 2340-47, Code 1907.

APPEAL from Birmingham City Court.
Heard before Hon. H. A. SHARPE.

[Bower, Tax Collector v. American Lumber & Export Company.]

Bill by the American Lumber & Export Company against P. B. Bower, as Tax Collector, to recover a sum of money paid voluntarily to defendant, as Tax Collector. Decree overruling demurrers to the bill, and defendant appeals. Reversed and remanded.

As last amended, the bill shows that complainant had always returned its property for taxation fully and without evasion, but prior to July, 1914, it did not list separately its solvent credits, which were included in and taxed as a part of the value of its capital stock, and that the solvent credits were not deducted therefrom as provided by law; that for each of the six years last preceding the filing of the bill, as well as for the current year, the complainat made its return of property and shares of stock for assessment according to the instructions of the tax assessor, and acting upon his advice and according to his instructions in making the same, it had never failed to make return of any of its property for the purpose of evading or avoiding or escaping taxation upon the same; that prior to the decision of the Supreme Court of Alabama holding the solvent credits law as constitutional it was generally believed that the law did not require solvent credits to be listed for taxation, and that the tax assessor shared this erroneous belief, and therefore misled and improperly advised complainant by instructing it to make its returns, without separately listing its solvent credits, thereby causing the value of such solvent credits not to be deducted for the value of its shares of capital stock, as the same might have been done under the law. Paragraph 6 of the bill alleges that during the month of July, 1914, or about that time, the back tax commissioner of Jefferson county sent out a great number of mandatory notices requiring the taxpayers of said county to come to his office and make returns of their solvent credits; that complainant received such a notice, and in answer thereto its president, Fred Larkin, appeared before said back tax commissioner, and stated substantially the matters hereinabove averred, and explained the manner in which the complainant's solvent credits had been taxed as aforesaid, but the said deputy then and there instructed Larkin that it would be necessary for said solvent credits to be listed as escaped property, and said back tax commissioner did then and there order and require said Larkin, as president of the complainant, to make return of complainant's solvent credits, which said Larkin accordingly did, as president

[Bower, Tax Collector v. American Lumber & Export Company.]

of said corporation. The bill further alleges that, having made the return of the solvent credits voluntarily, it has no adequate remedy at law for the recovery of the money paid, and for not deducting same from its capital stock assessment. The bill further alleges that the payment of this sum, along with the penalty provided for failure to make the same, deprives complainant of its property without due process of law. The prayer is for general relief, and specially that the court order and decree that the said sum of money paid to respondent as aforesaid be returned to complainant.

FRANK S. WHITE & SONS, for appellant. ALLEN, FISK & TOWNSEND, for appellee.

McCLELLAN, J.—The matter of controversy here brought under review results from the ruling of this court sustaining the validity of the statute subjecting "solvent credits" to taxation. —Code, § 2082, par. 1, subd. 7; *State v. Alabama Fuel & Iron Co.,* 188 Ala. 487, 66 South. 169, L. R. A. 1915A, 185. Before that deliverance was made the expression to the contrary in the opinion in *Barnes v. Moragne,* 145 Ala. 313, 41 South. 947, was generally regarded as decisive of the invalidity of the provision subjecting "solvent credits" to taxation. The expression was found upon full consideration to be obiter dictum. At the recent session of the Legislature "solvent credits," other than those specially therein excepted, were exempted from taxation.—Acts 1915, p. 107.

The complainant (appellee), a corporation, filed this bill against the tax collector, Bower. The bill was twice amended. As finally constructed, the prayer of the bill is that the court order and decree the return to complainant of a certain sum of money which it has paid to the tax collector as taxes charged against the complainant, together with prayer for such relief as to the court might seem just and proper. The object sought to be attained is the return to the complainant of money paid by it to the tax official in discharge of an exaction made of it under the tax laws of the state. The complainant's assessments for the years 1909 to 1914, inclusive, were governed by the provisions of subdivision 9, Code, § 2082. The system therein provided requires the corporation to make return to the assessor of its capital stock and its value per share, together with possible data

serviceable in arriving at its value, and also to make at the same time a return to the assessor, duly verified, of all taxable personal and real property owned by the corporation and its value or values, whereupon the assessor, if the values noted were satisfactory to him, must deduct the aggregate amount of the assessment of real and personal property from the aggregate of the assessment on all the shares of the capital stock of the corporation, and the remainder, if any, affords the assessed value of the entire capital stock of the corporation; but, if the aggregate value of the shares does not exceed the aggregate value at which the real and personal property is assessed, then no tax is demandable or collectible on the shares. The complainant regularly assessed at value the shares of its capital stock for the years 1909 to 1914, inclusive, but did not for those years make return of the "solvent credits" owned by it, thus rendering impossible the deduction of the aggregate assessed value of this personal property from the aggregate value of all shares of its capital stock. After notice and in response to the urgent solicitation of the tax commissioner of Jefferson county, the corporation's president made a verified return of its "solvent credits" for the years 1909 to 1914, inclusive' at an agreed like value for each of these years. On this assessment, as for escaped or omitted subjects of taxation, the corporation has been required to pay the collector, notwithstanding protest, it is averred, $720, being the principal sum and an additional 10 per cent. penalty upon the said return, together with interest. It is asserted in the amended bill that this exaction was and is unconscionable, illegal, and should be returned, for that the "solvent credits" were not escaped or omitted subjects of taxation; that the full assessment of the capital stock and the punctual payment of the annual taxes thereon for the years 1909 to 1914, inclusive, comprehended the value of the "solvent credits" assessed by the tax commissioner, the value of the capital stock not exceeding during those tax years the value of the "solvent credits" in question; that the omission to note "solvent credits when the corporation made its returns for the years 1909 to 1914, inclusive, was due at the time to the generally accepted view that "solvent credits" were not taxable; that "the assessor, sharing in this erroneous belief, misled and improperly advised complainant by instructing it to make its returns without separately listing its solvent credits. * * * thereby causing the value

of said solvent credits not to be deducted from the value of its shares of capital stock; * * * " that in response to notice from the tax commissioner the complainant's president appeared and stated to an authorized deputy substantially what has been before recited, and explained to him the manner in which complainant claims its solvent credits had been taxed, but nevertheless the deputy instructed the complainant's president that it was necessary for the solvent credits to be separately listed as escaped property, and thereupon ordered and required the complainant's president to make return of the solvent credits for the years 1909 to 1914, inclusive, which he accordingly did.

(1) This court has repeatedly ruled that equity will afford no relief to or for a complaining taxpayer, or one assessed as a taxpayer, unless his case presents some special matter of equitable cognizance.—*Oates v. Whitehead,* 173 Ala. 209, 55 South. 803, and cases therein noted. Illegality, hardship, or irregularity alone in respect of taxation or of its exaction in a concrete case will not suffice to justify the interposition or action of a court of equity at the instance of a complaining taxpayer.—Authorities, supra.

(2) The sum of complainant's contention is that it, in fact, assessed and paid, at the regular periods, all the taxes properly exactable on or for the solvent credits here involved. The facts averred show this to be true. This court has heretofore held that, when the tax charge on a subject of taxation has been once seasonably paid, it cannot be again rightfully collected. (*Pickler v. State,* 149 Ala. 669, 42 South. 1018), and that, where the taxes have been paid, a sale of property to effect a second collection is void (*State Land Co. v. Mitchell,* 162 Ala. 469, 472, 50 South. 117). A valid second assessment cannot be made of a subject of taxation that has been already assessed for taxation.

(3) Under the system established by subdivision 9 of section 2082, outlined before, for the assessment of corporations, the purpose is to assess the capital stock, to ascertain and fix its aggregate value, and to avoid double taxation of corporate property by exempting the stock value that is represented, entire or pro tanto, by its taxable real and personal property. To the extent that the assessed stock value is represented by the value of real and personal property owned by the corporation, the value of such real and personal property is, in fact, necessarily comprehended in the assessment of the capital stock; and, if the

[Bower, Tax Collector v. American Lumber & Export Company.]

value representative of the personal and real property does not exceed the aggregate of the assessed value of the capital stock, the assessment of the value of the capital stock is an assessment of the representative value of the personal and real property owned by the corporation. In these circumstances the failure, · from whatever cause, to separate in the return the stock value from the value of the real and personal property, does not, and did not in this instance, allow the characterization or treatment of the value of the representative real or personal property owned by the corporation as an escaped or omitted subject of taxation. Manifestly a subject of taxation which has been, in fact, assessed and the tax charge paid cannot be regarded as an escape. If a corporation owns and assesses personal or real property, or both, of an assessed value equal to or exceeding the aggregate value of its capital stock, and omits entirely to assess its capital stock for taxation, and pays the full tax charge on the assessment, such capital stock is not an escaped or omitted subject of taxation, for the evident reason that, under the system provided, the assessment and payment supposed discharges the obligation the corporation owes. to the taxing authority. The omission to separate, or to separately list the stock value and its representative value in personal and real property, or either, is, of course, a dereliction not to be commended; but such an omission does not affect the substance of the duty and obligation of the corporation to satisfy the demand of the taxing authority.

(4, 5) On the facts averred in the amended bill, the assessment by the back tax commissioner was but a reassessment of a subject of taxation that had been theretofore assessed and the tax charges upon which had been paid by the corporation for the years 1909 to 1914, inclusive, and hence was a nullity. Being void for the reason stated, the return exacted by the tax commissioner, though it was in a legal sense voluntarily made, did not effect to bind or to conclude the appellee in the premises.— 1 Cooley on Taxation (3d Ed.) pp. 618, 619; *C., B. & Q. R. Co. v. Cass County,* 51 Neb. 639, 70 N. W. 955. A different rule has been recognized in some other jurisdictions and by text-writers where the return, voluntarily made, has been held to conclude the taxpayer at least as to the nature, title, and value of his property.—37 Cyc. pp. 994, 995, and notes. There is no sound reason, suggested by justice or by public policy, that would found such an estoppel upon the mere fact that the taxpayer made vol-

untary return of property for taxation which, in fact, was not for that tax period a subject of taxation; the tax charge having already been satisfied for the period to which the return was referable. The assessment as for an escape being wholly unauthorized, the tax, as well as any penalty or fee incident thereto, was not due from the appellee, and could not be lawfully exacted of it. The ninth paragraph of the amended bill is as follows: "That the complainant was assessed the sum of $720 as principal sum and additional 10 per cent. penalty upon said return of solvent credits, with interest, which sum it has been required since the commencement of this proceeding to pay in order to prevent an impending levy of execution upon certain of its properties, and which sum it has duly paid under protest to the above-named respondent, as tax collector, with due and sufficient notice to him that it denied the right to require payment of the same."

According to the averments of the quoted paragraph of the bill as last amended, the payment of the money to the tax collector was involuntary.—*Raisler v. Mayor, etc.*, 66 Ala. 194; *Prichard v. Sweeney*, 109 Ala. 651, 657, 658, 19 South. 730; *Lamborn v. County, etc.*, 97 U. S. 181, 24 L. Ed. 926, and other authorities therein cited. The facts averred show a right in the appellee to recover the money paid to the collector under the circumstances disclosed.—*Raisler v. Mayor, etc., supra; Erskine v. Van Arsdale*, 15 Wall. 75, 77, 21 L. Ed. 63.

(6) From the averments of paragraph 9 it appears that this cause was pending against the collector when the payment by the appellee was compelled. Notwithstanding the right of the appellee to have the entire sum restored, appellee has mistaken its remedy. There is nothing averred in the amended bill that would justify the interposition of a court of equity. The appellee was fully advised of the facts. It must be held to have known what the law was—to have known its legal rights. It was not warranted in relying upon misinformation or misdirection of officials as to what its legal rights were. There was no fraud averred. The appellee might have brought its action in a court of law against the tax collector, and therein have shown the facts alleged in its amended bill. If the appellee did not desire to proceed against the collector, it might, as far as the asserted and demanded tax was concerned, have invoked the remedy afforded by article 16 of chapter 45 of the political

[Brackin v. Owens Horse & Mule Co.]

Code. The amended bill is without equity. The demurrer thereto was erroneously overruled.

The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.