## STATE v. REALTY LOAN CO. (6 Div. 782.)

(Supreme Court of Alabama. Jan. 11, 1923. Rehearing Denied May 31, 1923.)

**1. Taxation ⊕406—Stock in foreign corporation owned by corporation whose stock was assessed not taxable as an escape.**

Where a corporation was assessed for taxation and paid taxes on the basis of its capital stock whose value was represented by, and based on, the value of stock in a foreign corporation owned by it, the stock of the foreign corporation was not taxable as an escape.

**2. Taxation ⊕362—Property which has been assessed and taxed cannot be subject to taxation as an escape.**

Property, the subject of taxation, which has been assessed and taxed, and the taxes paid, cannot be subject to taxation as an escape.

**3. Taxation ⊕406—Assessment of property of corporation cannot be revised by assessment of property as an escape on the ground that valuation was too low.**

Where a corporation was assessed for taxation on the basis of its capital stock, whose value was represented by and based on the value of stock in a foreign corporation owned by it, the stock in the foreign corporation should have been separately listed in its assessment so its taxable value could have been ascertained and assessed separately, and exempted pro tanto from the capital stock of the corporation, but failure to do so does not render the stock of the foreign corporation liable to be assessed as an escape on the ground that the valuation fixed on the capital stock of the cor-

poration was too low, since the assessments and valuation of the corporation's· property were judicial in nature and not subject to such a collateral attack.·

## On Rehearing.

**4. Statutes ⛭225¾—Re-enactment in practically same words after construction by Supreme Court held an approval of construction by lawmaking powers which should be followed.**

Code 1907, § 2082, subd. 9, having been construed and subsequently re-enacted in practically the same words in General Acts 1919, p. 290, § 12, the interpretation placed on it and the construction given were approved by the lawmaking powers, and should be followed.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by the State of Alabama against the Realty Loan Company, to recover escaped taxes. After adverse rulings on the pleading, plaintiff takes a nonsuit, and appeals. Affirmed.

Harwell G. Davis, Atty. Gen., and A. A. Evans, Sp. Asst. Atty. Gen., for the State.

The revenue laws of 1915 and ,1919 required the defendant to return, under oath, a full and complete list of all property it owned subject to taxation. Acts 1915, §§ 34, 41, pp. 403, 406; Acts 1919, §§ 44, 53, pp. 299, 302. The property has escaped taxation, within the meaning of the statutes, when any subject of taxation has entirely evaded the notice and consideration of the tax authorities, and is subject to back assessment. Lehman, Durr & Co. v. Robinson, 59 Ala. 240; Adams v. Luce, 87 Miss. 220, 39 South. 418; State v. Kidd, 125 Ala. 413, 28 South. 480. Shares of stock in a foreign corporation must be taxed at the same rate, whether belonging to the individual or private domestic corporation. Mayor v. Stonewall Ins. Co., 53 Ala. 570; Board of Assessment v. A. C. R. Co., 59 Ala. 551; Nat. Com. Bank v. Mayor, 62 Ala. 284, 34 Am. Rep. 15; Board of Rev. v. Montg. Gaslight Co., 64 Ala. 269; W. U. Tel. Co. v. State Board, 80 Ala. 273, 60 Am. Rep. 99; State Bank v. Board of Rev., 91 Ala. 217, 8 South. 852.

Beddow & Oberdorfer and W. H. Woolverton, all of Birmingham, for appellee.

If the state, through its duly constituted officers, has exercised the final power of assessment and valuation of property, the determination is in its nature judicial. 37 Cyc. 1071; Anniston City Land Co., v. State, 185 Ala. 482, 64 South. 110; State v. Crane Co., 18 Ala. App. 194, 89 South. 901. A subject of taxation, which has been in fact assessed and the tax paid, cannot be regarded as an escape. Bower v. Am. Lbr. Co., 195 Ala. 572, 71 South. 100. Any attempt to annul a judgment other than by direct appeal is a col-

lateral attack. Johnson v. Johnson, 182 Ala. 376, 62 South. 706; State v. Crane, 18 Ala. App. 194, 89 South. 901; 15 R. C. L. 855.

MILLER, J. The board of tax adjusters of Jefferson county assessed as an escape certain personal property of the Realty Loan Company, a corporation, on January 3, 1921, for the years 1916, 1917, 1918, 1919, and 1920. It reached the circuit court of the county by appeal from orders assessing and valuing the property as an escape and subjecting it to taxation for those five years.

The state filed in the circuit court one count in the. complaint. It claimed the defendant, the Realty Loan Company, owned during each of those five years personal prop-· erty consisting of capital stock of the Realty Trust Company, a foreign corporation; that this stock escaped taxation for each of the five years; and avers the assessable value of this stock for each year it escaped taxation was $88,800 for 1916, $105,300 for 1917, $117,000 for 1918, $120,000 for 1919, and $120,000 for 1920. It also avers the defendant failed to list this stock of the Realty Trust Company owned by it for taxation for each of the five years; that it has not been assessed for taxation during the five years; and the state avers the defendant for each of the five years assessed and paid taxes on its own corporate stock as a domestic corporation.

The defendant filed two special pleas to this complaint, numbered 5 and 6. The state filed demurrers to each plea. They were overruled by the court. The state then filed two special replications to pleas 5 and 6. Demurrers of defendant to each were sustained by the court. A nonsuit was granted the state. Final judgment was rendered by the court. This appeal is prosecuted by the state therefrom, and the adverse rulings to it by the court on the demurrers are the errors assigned.

Pleas 5 and 6 aver this stock owned by defendant in the Realty Trust Company did not escape being taxed for any one of the five years mentioned in the complaint; that the entire capital stock of defendant corporation was by the tax assessor duly assessed and valued for each of the five years, and the taxes thereon were paid. Plea 5 then avers:

"That the said assessed value of the capital stock was represented in whole, or nearly in whole, by the value of the personal property sought in this suit to be assessed and taxed by the state, being the same personal property declared on in the complaint; that the failure to separate in the return the stock value and the value of the personal property did not allow the personal property of the corporation to be an escape, and it was not an escape, but the said personal property was assessed and taxes paid thereon in the said assessment and the

paying of taxes on the capital stock of the defendant corporation."

Plea 6 also avers the defendant in each of the five years mentioned in the complaint made out under oath to the tax assessor of this county, in which is the home office of defendant, a list showing the total number of shares of the capital stock of defendant corporation, the par value, the date and price paid for the last sale of any stock, the book value of the shares of stock, amount of the surplus, the amount of the undivided profits; and this plea then avers:

"That thereupon the tax assessor of Jefferson county during each said year assessed the said corporate stock of the defendant for the tax years respectively described in the complaint and judicially determined the said assessment, and thereupon the defendant paid each of said assessment so assessed by the said tax assessor. That the said assessments of the said corporate shares, included the property now set out in the complaint and sought to be reassessed in this cause, although this defendant made no separate return of the personal property owned by it. This defendant at said time owned no other personal property than the personal property declared on in the complaint, and now sought in this complaint and in this proceeding to be retaxed, and owned no real estate. That the said assessed stock value was represented by the value of the said personal property described in the complaint. Wherefore defendant says that said shares of stock of the Realty Trust Company described in the complaint were not escaped from taxation for the years alleged."

It appears from the complaint that the state seeks to assess for taxation, for five years the stock of the Realty Trust Company, a foreign corporation, which is owned by the defendant corporation, on the ground that it has escaped taxation during those years.

The defendant by pleas 5 and 6 states this stock has not escaped taxation; that the entire capital stock of the defendant corporation was duly assessed for the five years, the value thereof fixed, and the taxes thereon paid, and the assessed value of its entire capital stock for those years represented, included, and was based on the value of this stock of the foreign corporation owned by it. Plea 5 avers:

"That the said assessed value of the capital stock was represented in whole, or nearly in whole, by the value of the personal property sought in this suit to be assessed and taxed by the state, being same personal property declared on in the complaint."

Plea 6 states:

"That said assessments of the said corporate shares included the property now set out in the complaint to be reassessed in this cause."

209 ALA.—36

And it avers:

"This defendant at said time owned no other personal property than the personal property declared on in this complaint, and sought to be retaxed."

And also avers:

Defendant "owned no real estate, that the said assessed stock value was represented by the value of the said personal property described in the complaint."

[1, 2] From these pleas, if true, and they are confessed by the demurrers, it appears the value of the entire capital stock of the defendant corporation for each of the five years, as assessed, was represented by and based on the value of its stock in this foreign corporation, and this stock in the foreign corporation was all the property, or practically all the property, owned during the five years by the defendant. If this stock in the foreign corporation owned by defendant is valued and assessed for taxation during the five years and taxed as escaped property, then this would be double taxation of the same property, as its value was represented by and made the value during those five years of the capital stock of defendant corporation, which was assessed, valued, taxed, and the taxes paid thereon during the five years. Property, the subject of taxation, which has been assessed and taxed, and the taxes paid, cannot be subject to taxation as an escape. In this case the entire capital stock of the defendant corporation was assessed, its value fixed, and the taxes on its assessed value were paid for each of the five years; but the personal property, this stock in the foreign corporation, which was all or practically all the property the defendant owned, was not listed or its value separately assessed. This stock in this foreign corporation owned by the defendant was not, then, subject to taxation as an escape, because its value was represented in and made up the value of the capital stock of the defendant corporation, which was assessed and the tax on its assessed value paid for each of the five years. This rendered this stock, its personal property, not subject to taxation as an escape; its value had been assessed in and through the capital stock, and the taxes paid. It may have been thereby undervalued, but it did not escape taxation. Bower v. Am. Lbr. & Ex. Co., 195 Ala. 576, 71 South. 100; Anniston City Land Co. v. State, 185 Ala. 482, 64 South. 110; section 2082, subd. 9, Code 1907. The court did not err in overruling the demurrers of the state to pleas 5 and 6 of the defendant.

[3] Replication 2 to pleas 5 and 6 states the defendant failed to list the stock of the foreign corporation owned by it; the officers of the law charged with the duty of fixing the assessed value of the property did not know defendant owned that stock, and, by defend-

ant wrongfully failing to list such stock in its assessment, the defendant secured assessments as follows: The assessable value of the Realty Trust Company stock owned by defendant was for 1916, $88,800, which was only a part of its assets, and defendant secured a valuation of its capital stock at $55,-409; for 1917 defendant's capital stock was assessed at $55,409, when the assessable value of its Realty Trust Company stock was $105,300; for the year 1918 its capital stock was assessed at $55,409, and the assessable value of its Realty Trust Company stock was $117,000; for the year 1919 its capital stock was assessed at $30,000 and the assessable value of its Realty Trust Company stock was $120,000; and for the year 1920 its capital stock was assessed at $75,000, and the assessable value of its Realty Trust Company stock was $120,000—and avers defendant cannot now claim benefit of its own wrong in failing to list such stock by law and prevent plaintiff thereby from now assessing such property.

Replication 3 to pleas 5 and 6 is as follows:

"Further replying to said plea No. 5, plaintiff avers that the value of defendant's real and personal property for each year mentioned was greater than the value of defendant's capital stock by more than $100,000, and by reason of defendant's failure to list its ownership of the stock in the Realty Trust Company it secured an undervaluation of the capital stock as averred in replication No. 2, which was grossly less than the assessable value of the defendant's real and personal property subject to taxation, and which should have been listed by defendant for taxation."

This stock in the Realty Trust Company corporation owned by defendant should have been separately listed in its assessment, so its taxable value could have been ascertained and assessed separately, and exempted pro tanto from the capital stock of defendant and its assessed value; but this error does not, under the facts in this case, authorize a review and revision of the five assessments on the ground the property has escaped taxation.

It appears from the pleas the property sought to be assessed as an escape by the complaint was not an escape, as hereinbefore fully discussed in this opinion. These replications are in effect an effort on the part of the state not to reach the stock of the Realty Trust Company owned by the defendant as having escaped taxation, as claimed in its complaint, but to revise the assessments that were made during those five years, and on which taxes have been collected by the state from the defendant. The replications are in effect an effort to annul the former assessments and to increase the assessments for each of the five years of this property of the defendant, because of the wrong of the defendant in failing to list its stock in the Realty Trust Company corporation.

These assessments and valuations of the property, the stock of the defendant corporation, which involved and were based on the value of the stock of the Realty Trust Company owned by it, as made by constituted officers of the state, as alleged in the pleas (5 and 6), were judicial in their nature, and they cannot be impeached, annulled, and revised in this case on collateral attack, which is attempted by the state in these replications, on account of the wrong of the defendant in failing to list separately this stock in the Realty Trust Company. Anniston City Land Co. v. State, 185 Ala. 482, 64 South. 110; State v. Crane Co., 18 Ala. App. 194, 89 South. 901, headnote 3; Bower v. Am. etc., Co., 195 Ala. 572, 71 South. 100; Johnson v. Johnson, 182 Ala. 385, 62 South. 706. This attack on those assessments and valuations by these replications are collateral, and not available.

In Anniston City Land Co. v. State, 185 Ala. 482, 64 South. 110, this court said:

"It is a principle of taxation that, where the state has once proceeded by its duly constituted agencies to the assessment and valuation of property, the determination is judicial in its nature, and conclusive in its results, unless impeached for fraud or want of jurisdiction, or reversed and set aside by some tribunal having authority to review. 37 Cyc. 1071. The proceeding now in hand, in so far as it seeks to collect escaped taxes for the years 1903–05, requires an interpretation of the meaning and effect of the original assessments for the then current years. Was the entire property then assessed and valued for taxation, or was the exemption now claimed then allowed? In either event the state is now proceeding in effect, though not professedly, not for the collection of taxes which have escaped, but to review, revise, and increase assessments on which taxes have been once collected."

These assessments and valuations made and determined as averred in the pleas 5 and 6 for the five years, are judicial in their nature, and in Johnson v. Johnson, 182 Ala. 385, 62 South. 709, this court wrote:

"In this state it is settled that any attempt to impeach and annul a judgment other than by a direct appeal, or by a direct proceeding in the court that rendered the judgment, before the expiration of the term at which it was rendered, is a collateral attack. Friedman v. Shamblin, 117 Ala. 454, 466, 23 South. 821. This, of course, does not deny the well-settled jurisdiction of equity to review judgments founded on fraud, accident, or mistake and to review final judgments and decrees in a few cases as prescribed by statutes."

These assessments and valuations for each of the five years, by the proper official, were determinations of the assessable value of the property, and were judicial decisions in their nature. The taxes due thereon were paid. The entire capital stock of defendant was assessed and valued. This included, from necessity, the value of this stock owned by it in

this other corporation. These judicial determinations as to the assessments and the value placed on this property of the defendant are not before us on direct appeal; they are not before us on direct proceedings to impeach them for fraud or for want of jurisdiction; but they are before us by these replications on collateral attack, for the wrong of defendant in failing, to list this stock of the Realty Trust Company owned by it separately from its capital stock, and thereby securing an assessed valuation on its capital stock for an amount each year less than it would have been assessed if it had complied with the statute as to separately listing of its personal property from its capital stock. This is unavailing to the state on this collateral attack.

This appears from the pleadings to be an attempt to revalue and reassess this stock of defendant in the Realty Trust Company under a complaint claiming it has escaped taxation, when it appears to have been assessed, valued, and the taxes paid on it by and through the assessment and valuation of its entire capital stock. This is not permissible. It appears from the replications that the valuations fixed on the entire capital stock of the defendant corporation were too low because defendant failed to separately list this stock in the Realty Trust Company; but the wrong alleged cannot be reached and the remedy desired cannot be secured by an attempt to assess this stock of defendant in the foreign corporation as property that has escaped taxation.

The demurrers of the defendant to replications 2 and 3 of the state to pleas 5 and 6 of defendant were properly sustained by the court. Johnson v. Johnson, 182 Ala. 385, 62 South. 706; Anniston City Land Co. v. State, 185 Ala. 482, 64 South. 110; Bower v. Am. etc., Co., 195 Ala. 572, 71 South. 100; State v. Crane, 18 Ala. App. 194, 69 South. 901.

The judgment is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

On Rehearing.

MILLER, J. [4] Subdivision 9 of section 2082 of the Code of 1907 was carried forward into the General Revenue Act of 1915 in substantially the same language, so far as applicable to this case. Gen. Acts 1915, p. 396, § 14, approved September 14, 1915.

In Bower v. Am. L. & E. Co., 195 Ala. 572, 71 South. 100, this court construed and interpreted subdivision 9 of section 2082 of the Code of 1907, which construction we have followed in this case. The opinion in the Bower Case was written and published by this court on February 3, 1916. The Legislature after-wards, on September 15, 1919, re-enacted that subsection (9) of section 2082 in the Revenue Act of 1919 in practically the same words. Gen. Acts 1919, p. 290, § 12. From this we would reasonably infer that the interpretation placed on it, and the construction given it by this court, met with the approval of the lawmaking powers. This is an additional reason why we should approve and follow in this case the opinion in Bower v. Am. L. & E. Co., 195 Ala. 572, 71 South. 100.

The application for rehearing is overruled. All the Justices concur.

SAYRE, J. (concurring). I concurred in Bower v. American Lumber Co., 195 Ala. 572, 71 South. 100, but my judgment upon further consideration is that in that case—and in this—section 12 of the Revenue Act of 1919 (section 2082 of Code of 1907, subd. 9; section 14 of the Revenue Act of 1915) has been misconstrued. I am now of opinion that the Legislature intended that a domestic corporation should return its real and personal property for taxation, and that its capital stock should be taxed only on its value in excess of the total of the value of its property; and hence my judgment is that there was an escape in this case. But the statute, after the decision in Bower v. American Lumber Co., has been re-enacted, and I now feel constrained to concur in the conclusion reached by the court in this case.