(107 So. 814)

**BOOTHE et ux. v. SHAW et al.  (7 Div. 601.)**

(Supreme Court of Alabama.  March 25, 1926.)

**I. Equity ☞460—Bill in nature of bill of review to vacate former decree for fraud must set up decree, proceedings which led to it, and circumstances of fraud on which it is impeached (rule 83 of chancery practice).**

Bill in nature of bill of review to impeach and vacate a former decree in equity for fraud, recognized under rule 83 of chancery practice, must set up decree, proceedings which led to it, and circumstances of fraud on which it is impeached, and must show fraud in procurement of decree.

**2. Equity ☞460 — Bill of review to vacate former decree in equity for fraud, failing to give valid excuse for failure to interpose defenses in former suit, held demurrable for want of equity.**

Bill of review to vacate former decree in equity for fraud, alleging that agreement and deed made exhibits to former bill were false and forged, and that fraud was perpetrated thereby on complainants and court, but giving no excuse for failure to defend former suit on such grounds, nor showing any accident, mistake, or fraud defeating their opportunity to appear and defend bill, *held* demurrable for want of equity.

**3. Equity ☞452.**

Complainants, seeking to impeach judgment or decree of court for fraud, must show due diligence.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Bill in the nature of a bill of review by B. M. Boothe and wife against R. S. Shaw and P. J. Shaw. From a decree sustaining a demurrer to the bill, complainants appeal. Affirmed.

Pinkney Scott, of Bessemer, for appellants.

Counsel argues that the bill contained equity and cites Winkleman v. White, 42 So. 111, 147 Ala. 481; McCall v. McCurdy, 69 Ala. 65; New England Co. v. Davis, 25 So. 42, 122 Ala. 555; Eslava v. Eslava, 50 Ala. 33; B. & L. Ass'n v. Vaught, 39 So. 215, 143 Ala. 389; Crosthwait v. Pitts, 36 So. 83, 139 Ala. 421.

Leeper, Wallace & Saxon, of Columbiana, for appellees.

This is an original bill in the nature of a bill of review and should be grounded upon fraud in the procurement of the decree sought to be set aside. Fraud, to sustain such a bill, must be shown by positive averment of facts, from which the court can clearly see that actual fraud has intervened in the procurement or concoction of the decree. Graves v. Brittingham, 95 So. 542, 209 Ala. 147; McDonald v. Pearson, 21 So. 534, 114 Ala. 630; Cannon v. Birmingham T. & S. Co., 69 So. 934, 194 Ala. 469; De Soto C. M., etc., Co. v. Hill, 65 So. 988, 188 Ala. 667.

BOULDIN, J.  [1] This is an original bill in the nature of a bill of review to impeach and vacate a former decree in equity for fraud. Such bill, in a proper case, is recognized under rule 83 of chancery practice. The bill must set up the decree, the proceedings which led to it, and the circumstances of fraud upon which it is impeached. To give the bill equity, it must show fraud in the procurement of the decree, the kind of fraud upon which jurisdiction in equity to annul judgments and decrees of courts of competent jurisdiction is based. McDonald v. Pear-

_____

son, 21 So. 534, 114 Ala. 630; Johnson v. Johnson, 62 So. 706, 182 Ala. 376.

This bill exhibits the decree sought to be impeached and the former bill upon which it was rendered. This former bill was to reform a conveyance of lands and other incidental relief. It alleged the purchase by the complainants therein of certain real estate under agreement in writing, signed by respondents, of date November 11, 1923. This agreement was made exhibit to the bill, shows a purchase of the property, payment of part cash, and agreement to pay balance by installments, the vendor reserving the right to continue living in the house on the property until May 1, 1924. The former bill further alleged that respondents executed a warranty deed, also made an exhibit to the bill, a misdescription of the property therein, the payment of the cash installment of purchase money, and the several monthly installments to May, 1924, when respondents refused to surrender possession as agreed, or to receive further payments thereon. The prayer was to reform the description as therein shown, the ascertainment of balance of purchase money due, with offer to pay, and for a writ of possession. The decree granted the relief prayed.

The instant bill attacks the decree upon allegations that the agreement and deed, made exhibits to the former bill, were false, simulated, and forged documents; that a fraud was perpetrated upon these complainants and upon the court in obtaining a decree on forged instruments as a basis of relief. By amendment it is alleged the acknowledgment to the deed was false and fraudulent; that the property was the homestead and no separate acknowledgment of the wife was taken, and the certificate appearing on the deed was simulated, false, and fraudulent. This feature of the bill seems to rest upon the doctrine of Chatt. National B. & L. Ass'n v. Vaught, 39 So. 215, 143 Ala. 389.

[2, 3] For several reasons the demurrer to the bill for want of equity was properly sustained. The bill as amended gives no valid excuse for failure to defend the former suit on grounds now set up. In fact, it affirmatively shows the complainants, adults, were duly served with summons, that they never saw the bill or exhibits, but depended upon complainants to state the truth of the case. No accident, mistake, or fraud defeating their opportunity to appear and defend the bill is shown, but utter acquiescence until after a decree was rendered. The fraud here alleged, if true, was brought to their attention by the contents of the documents alleged now to be forged. It related to alleged transactions of the parties inter se, shown by exhibits to the bill. Their truth or falsity would appear to parties alleged to have signed the documents, upon a reading of the bill and exhibits. No doctrine is more fundamental than that complainants, seeking to impeach the judgment or decree of a court for fraud, must show due diligence. This bill negatives that diligence, which must be averred and proven in such cases.

We need not enter upon a discussion of other phases of the law.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.